## James V. Luce *vs.* The Niantic Menhaden Oil and Guano Company.

* First Judicial District, Hartford, May Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

An ambiguous description of premises conveyed by deed should be interpreted in accord with the parties' intent as that may be gathered from their conduct, from the situation and use of the property, and from all the circumstances surrounding the transaction.

The question of intent as thus presented becomes one of fact for the determination of the trial court, and therefore its conclusion, if legally permissible, is not reviewable by this court on appeal.

Argued May 21st—decided October 3d, 1912.

ACTION to recover possession of certain land, and damages, brought to and tried by the Superior Court in New London County, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error in part.*

*Frank L. McGuire,* for the appellant (defendant).

*Charles B. Whittlesey,* for the appellee (plaintiff).

WHEELER, J. This controversy arises over the construction to be given a deed of premises conveyed by the plaintiff to the defendant in 1902, and described as follows: "All that tract of land lying south of the Shore Line Division of the New York, New Haven and Hartford Railroad and known as Rocky Neck, containing six acres, more or less, except such portion as is occupied by the grantor for his quarry, derrick, engine, and tracks; such reserved land lying east of the private track after leaving the stone dock on hard ground running in a straight line from said track to and at

right angles with said track of said New York, New Haven and Hartford Railroad Company. This sale does not include said stone dock and track on same, but does convey the right of the free use of said dock and track when same is not in use by said grantor for his quarry business to the grantee company of carrying on its business of loading and discharging commodities and materials and for the location of coal bins for the storage of coal and for the storage of other materials necessary for its business. Also conveying to the grantee Company the right to locate, maintain and use a railroad track from said New York, New Haven and Hartford Railroad track across the premises of the grantor to the buildings of the grantee Company hereby conveyed. Said track to be located so as not to unreasonably interfere with the grantor in his quarry business."

The parties agree that the language "and at right angles to said track of said New York, New Haven and Hartford Railroad Company," used in said deed, was intended to mean and shall be construed to mean a radial line.

The plaintiff contends that the western boundary of the land excepted in said deed was along the private track running from the stone dock, where the same struck hard ground as far as the track ran at the time of the conveyance and thence by a radial line therefrom to the track of the New York, New Haven and Hartford Railroad Company. The defendant contends that the true boundary line was a radial line drawn from the east side of the private track running from the stone dock at the point where the track met hard ground to the tracks of the New York, New Haven and Hartford Railroad Company. The description of the deed admits of either interpretation.

The trial court found that the true boundary line

was the line drawn from the center line of said private
track from the place where it struck hard ground to
the end of the private track and thence by a radial
line to the tracks of the New York, New Haven and
Hartford Railroad Company.

To ascertain the proper construction to be given the
deed the trial court sought to discover the intent of
the parties to the deed by permitting evidence to be
introduced of the situation of the property and the
surrounding circumstances at the time of the con-
veyance, and then looking at the terms of the deed in
the light of the situation and surrounding circumstances.
This accorded with our rule. *Bartholomew* v. *Muzzy*, 61
Conn. 387, 392, 23 Atl. 604; *Sweeney* v. *Landers, Frary
& Clark*, 80 Conn. 575, 578, 69 Atl. 566; *Bryan* v.
*Bradley*, 16 Conn. 474, 486; *Strong* v. *Benedict*, 5 Conn.
210, 220.

Evidence was introduced by the defendant tending
to prove that the plaintiff and a representative of the
defendant, just before the delivery of the deed, went
upon the premises and located the line in accordance
with the claim of the defendant. The plaintiff's con-
tradiction of this was somewhat evasive and might have
led the court to find that the line was laid out as the
defendant claimed. But the court undoubtedly weighed
this evidence in connection with that tending to prove
that the plaintiff was in the occupation of these premises
at the time of their conveyance to the defendant, that
some of these premises claimed by the defendant were
a part of the plaintiff's quarry from which he was then
extracting stone to fill an order, upon which stood some
of the instrumentalities and buildings used in this
business and that the conveyance of these premises,
indispensable as they were to the quarry business, re-
pelled the conclusion that the plaintiff intended to con-
vey the tract.

The trial court, upon adequate evidence, satisfied its judgment as to what the doubtful language of the reservation in the deed, "except such portion as is occupied by the grantor for his quarry, derrick, engine and tracks," meant, and its conclusion is final.

The question of intent was one of fact for the trial court, and its finding based as it was upon evidence of the surrounding circumstances and situation of the property, legally supporting it, cannot be reviewed by us. With the weight of evidence, legally admitting of the conclusion drawn, we have nothing to do. *Meriden Savings Bank* v. *Wellington*, 64 Conn. 553, 30 Atl. 774.

Of the multitudinous exceptions of the defendant to the finding none are of sufficient materiality to warrant consideration except one. The court has found the disputed boundary line to be from the junction of the stone dock with the hard ground through the center line of the private track to the angle in the track, being its terminus at the delivery of the deed. The plaintiff's claim was confined to the premises east of the west private track.

The evidence, as we read it, did not tend to justify a finding of a boundary line in the center of this tract. In this particular the finding should be corrected to conform to the plaintiff's claim and the judgment modified to conform to this correction.

There is error in part.

In this opinion the other judges concurred.