RAFFAELE GIOIA *vs.* EMILIO ANNUNZIATA ET UX

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Claimed errors, predicated upon a motion to correct the finding, are not properly before this court unless appropriate written exceptions have been filed and the evidence material thereto made a part of the record; nor will such claims be considered where the appellant has abandoned this method of attack upon the finding and has elected to proceed under § 5832 of the General Statutes.

Under § 5098 of the General Statutes, a deed of real estate is void where, at the time of the conveyance, the grantor has been ousted of possession by a person other than the grantee.

An ambiguous description of premises conveyed by deed is to be interpreted in accordance with the intention of the parties, which is a conclusion of fact to be drawn by the trial court from their conduct, from the situation and use of the property, and from all the circumstances surrounding the transaction.

In the present case V conveyed a parcel of land thirty-eight feet in

width to the defendants, and later granted to the plaintiff the land immediately adjacent thereto, the southerly boundary of the plaintiff's lot being described in general terms as the land of the defendants. Between the dates of the two conveyances, V agreed to convey to the defendants, and did actually transfer to them the possession of, a one-foot strip along the northerly boundary of their premises, of which facts the plaintiff had full knowledge. After the conveyance to the plaintiff, V executed a deed of the one-foot strip to the defendants, whereupon the plaintiff, relying upon his prior deed, laid claim thereto and brought this action to quiet his title. *Held* that the trial court properly rendered judgment for the defendants.

The plaintiff claimed that the question of title to the one-foot strip had been adjudicated in his favor at a former trial in the Superior Court in which it was found that the defendants' land was thirty-eight feet in width. *Held* that this claim was not supported by the record of the earlier case, wherein the court stated that the location of the real boundary line was, upon the evidence, uncertain.

Argued January 20th—decided February 23d, 1925.

Suit for an injunction and money damages, and for a judgment quieting title to certain premises claimed by the plaintiff, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Walsh, J.;* the court rendered judgment for the plaintiff for $50, but denied the injunction and found the defendant Raffaela Annunziata to be the owner of the premises in question, from which the plaintiff appealed. *No error.*

*William E. Burton,* for the appellant (plaintiff).

*William F. Tammany,* for the appellee (defendant Raffaela Annunziata).

WHEELER, C. J. The amendment to the complaint presents the principal point of this controversy, namely, the title to a strip of land one foot wide between the land of plaintiff and defendants. The cor-

rection of the finding cannot be considered, since no transcript of the evidence accompanied the motion, nor were any exceptions taken as required under our practice. Further, the plaintiff abandoned the method of attack upon the finding which he first made and elected to proceed under General Statutes, § 5832. Careful examination of the evidence leads us to overrule all of the assignments of error predicated upon improper findings of the court, or the failure to incorporate additional facts in the finding. The facts as to the title are these: Veitenheimer conveyed, on September 28th, 1906, to the defendant and her husband, a parcel of land thirty-eight feet wide front and rear and bounded on the north by his own land. Following the description of the parcel is this statement: "Said grantee is to use the space north of the house on said premises for a driveway and is not to erect any building or shed on the north of said house that will in any way become a nuisance to the adjoining property. Said grantee is to build the division fence on the north of said premises." Shortly after this conveyance defendants erected a fence along their northerly line thirty-eight feet distant from and parallel with the southerly line, finding that they did not have sufficient space in the driveway for a team and truck, they demonstrated this to Veitenheimer, whereupon he verbally agreed to give, and did give, possession to the defendants of an additional foot of land, which is the foot of land now in controversy.

The plaintiff negotiated with Veitenheimer for the purchase of his parcel of land lying north of the parcel conveyed to defendants, and pending these negotiations the plaintiff was informed that this foot of land now in controversy belonged to the defendants, who were in possession of it. On January 25th, 1907, Veitenheimer conveyed by warranty deed this parcel to

plaintiff, and bounded it "southerly by land of Emilio Annunziata." At this time Veitenheimer was out of possession of this foot of land. Following this description appeared the statement, "I hereby waive any objections to Mr. Annunciato building an addition on the north side of his premises."

At about this time plaintiff assisted defendants in erecting a fence parallel with and thirty-nine feet northerly of the southerly line of defendants' land, and a number of the posts then erected still remain. On March 23d, 1907, Veitenheimer conveyed to defendants the foot of land which he had theretofore placed them in possession of and orally agreed to convey to them.

About ten years ago defendants erected a wooden building on the northerly side of the thirty-nine foot front parcel, and the plaintiff was employed as a laborer upon the foundations of the building, knew just where it was located, and made no protest, believing at the time that the fence was the proper boundary. Afterward the relations between plaintiff and defendants became unfriendly, and plaintiff, on discovering that the deed of this foot of land had been conveyed to defendants subsequent to the conveyance to him, made claim to the ownership of it. In a case between the same parties it was adjudicated and found on November 24th, 1924, that the defendants are entitled to a strip of land thirty-eight feet wide, the evidence leaving it uncertain just where the real boundary line is. When Veitenheimer conveyed to plaintiff he did not intend to convey this foot of land, nor did plaintiff understand he was so conveying; on the contrary, both knew that Veitenheimer had agreed to convey this to defendants and had put them in possession thereof. The description in the conveyance to plaintiff was general and did not purport to convey

this foot, nor did the plaintiff then take possession of this foot, nor claim to own it until many years thereafter. The intention of the parties was of first importance, and was a fact to be found by the court, and its finding in this respect is conclusive. *Luce* v. *Niantic Menhaden Oil & Guano Co.,* 86 Conn. 147, 84 Atl. 521. The finding of the division line was upon the evidence one of fact, and in view of the plaintiff's knowledge of, and his recognition of the true division line, the fact was beyond real dispute. Moreover, Veitenheimer could not legally convey title to the plaintiff, as against the defendants, to land of which he was not in possession but defendants were in possession by his own action. General Statutes, § 5098.

The plaintiff has failed to establish his own title to the foot of land in dispute, while the defendants have established their title to and possession of this foot. *Ferriday* v. *Grosvenor,* 86 Conn. 698, 702, 86 Atl. 569. After the institution of this action Emilio Annunziata, one of the defendants, died, and the parties stipulated that judgment should be entered between plaintiff and Raffaele Annunziata, the other defendant.

We are unable to coincide with plaintiff's claim that the Superior Court, in the former trial, adjudicated the title to this foot to be in the plaintiff; in fact, the court leaves open the true location of this division fence, and nowhere finds or adjudicates that the plaintiff had the title to this foot of land. Neither in that case nor in this has the plaintiff established, or even made a reasonable basis for, a claim of ownership to this strip. The only possible claim which could be made as to the former decision is that it adjudicated that the ownership of this strip was in the defendants, but this claim we think is not a tenable one. The facts found in this case fully support the trial

court's conclusion that the plaintiff is the owner and in possession of this strip.

The trial court found that the cornice of the building erected upon defendants' land overhung plaintiff's land, and assessed the damages to plaintiff for this at $50. This assessment for damages is not before us on this appeal.

There is no error.

In this opinion the other judges concurred.