ANNA S. CHRISTEN v. GEORGE RUPPE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 6—decided July 6, 1944.

*Albert W. Hummell,* for the appellant (defendant).

*William F. Healey,* for the appellee (plaintiff).

BROWN, J.   The plaintiff alleges in her complaint that she purchased of the defendant a tract of land in Beacon Falls described in the deed as bounded easterly by the defendant's remaining land, that while negotiating the sale the defendant had pointed out as the easterly boundary of the conveyed premises a broken line marked for a part of its length by a stone wall, and that he had trespassed on the tract and erected a fence west of this wall, thereby excluding her from a substantial portion of her land.   The issue as tried and decided by the court was restricted to the determination of the true boundary line between the lands of the parties.   Pursuant to this determination, in response to the plaintiff's prayer for injunctive relief, it ordered the defendant to remove the fence.

These material facts appear from the finding, which was predicated on the testimony and the court's view of the locus, and which is not subject to significant correction.   On May 18, 1940, the defendant conveyed a seventeen-acre parcel of land in Beacon Falls to the plaintiff by warranty deed containing this description: "Bounded: Northerly by land of State of Connecticut, 500 feet; Easterly by other land of George Ruppe; Southerly by Highway (known as Burton Road), 500 feet; Westerly by land of George T. Clark."   There is no dispute as to the southerly, westerly and northerly lines stated in the deed.   The approximate distance between the north and south lines is from fifteen hundred to sixteen hundred feet.   The negotiations for the

purchase were conducted on the land and the defendant definitely pointed out to the plaintiff the land which he was selling to her. The easterly boundary of the land so designated, as intended and agreed by the parties, began at a post on the northerly line of Burton Road at a point five hundred feet easterly of the Clark land, thence extended northerly about fifteen feet to the southerly end of an old stone wall, thence along this wall about three hundred feet to its northerly extremity and thence in a straight line to a point 500 feet easterly of the Clark land in the southerly boundary of the state's land. A brook paralleling and three hundred feet north of Burton Road flows through the premises. During the negotiations the defendant also stated that a bridge located just west of the above described line which affords the only access to the northerly part of the tract was included in the land sold. It is unnecessary to recite other facts which also corroborate the line above described as being the easterly line agreed upon.

About a year after the plaintiff had taken possession of the premises, the defendant became incensed by reason of her repeated complaints that the cattle from his pasture were getting through the wire fence surmounting the old wall and onto her land and out of spite constructed a new wire fence. This began at the above-mentioned post by the road and ran in a general northerly direction a distance of from two hundred to three hundred feet to a point some thirty to thirty-five feet west of the north end of the old wall. The fence excludes the plaintiff from the wedge-shaped strip between it and the natural boundary consisting of the old wall and fence, and if extended northerly will exclude her from using the bridge across the brook.

The deed itself fails to state any angles, that the easterly boundary is a straight line, or that it is parallel

to any other described line. The finding shows that no division fence or other structure, except the short piece of old wall, evidenced the location of the westerly boundary of the defendant's land between its north and south lines. This being so, the reference in the deed to this land as constituting the east boundary of the tract conveyed is insufficient to fix that boundary. *Patzloff* v. *Kasperovich*, 116 Conn. 440, 442, 165 Atl. 349. There was therefore a latent ambiguity in the description of the line in question. *Doolittle* v. *Blakesley*, 4 Day 265, 271; *Nichols* v. *Turney*, 15 Conn. 101, 113; *Atkinson* v. *Cummins*, 9 How. (50 U.S.) 479, 486, 13 L. Ed. 223; *Stone* v. *Clark*, 1 Metc. (42 Mass.) 378, 381; note, 68 A.L.R. 4, 5; and see *Bielby* v. *Blinn*, 112 Conn. 1, 4, 151 Atl. 357. Accordingly, the question of what the parties intended as the easterly line was one of fact for the trial court and we cannot disturb its finding, based as it is upon evidence of the surrounding circumstances and the situation of the property, which legally supports it. *Luce* v. *Niantic Menhaden Oil & Guano Co.*, 86 Conn. 147, 150, 84 Atl. 521; *Gioia* v. *Annunziata*, 102 Conn. 52, 56, 127 Atl. 921; *Ferrigno* v. *Odell*, 113 Conn. 420, 426, 155 Atl. 639.

There is no error.

In this opinion the other judges concurred.