F. & AK, INC. v. HERBERT R. SLEEPER ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 2—decided October 7, 1971

*Herbert A. Krasow,* with whom, on the brief, was *H. David Leventhal,* for the appellants (named defendant et al.).

*Bertlen F. Turner,* for the appellee (plaintiff).

SHAPIRO, J. The plaintiff, owner of land in Canton, Connecticut, brought this action in two counts against five named defendants of whom three, predecessors in title to the plaintiff, were defaulted by the court for failure to plead. In the first count, the plaintiff sought damages and the reformation of two deeds as to a portion of the boundary line between its land and the adjoining land of the two remaining defendants, Herbert R. Sleeper and Jeanne B. Sleeper, hereinafter referred to as the Sleepers. The plaintiff asked that the deeds be reformed to conform to the actual intent of the parties by amending a call in the description to omit the words "N 57° 11′ W" so that the deeds will read: "thence continuing to a point in the boundary line of land now or formerly of C. J. Wakely." In the second count the plaintiff sought to quiet title to its land. In addition to filing an answer, the Sleepers filed a special defense alleging that they are bona fide purchasers of their land without notice or knowledge of the plaintiff's claim and a second special defense claiming title to the property therein described. The court rendered judgment for the plaintiff on the first count and for the Sleepers on the second count. The latter have appealed.

The finding, which is not subject to any of the corrections sought, recites the following pertinent facts: By deed of December 5, 1932, Arleigh H. Richardson, deceased, and Russell J. Richardson, a defaulted defendant, acquired title to a farm of approximately 160 acres in Canton. They farmed the land for several years and then agreed to divide it. In 1939, they employed a firm of professional engineers and land surveyors who prepared a description of the division line in which the last call was: "thence continuing N 57° 11′ W to a point in the boundary line of land formerly owned by J. T. Soby." On October 3, 1939, by deeds prepared by an attorney, Russell quitclaimed his interest in the easterly portion of the land to Arleigh and Arleigh quitclaimed his interest in the westerly portion to Russell. The number of acres recited in each deed was a mere estimate made by the Richardsons. The plaintiff is a successor in title to Russell and the Sleepers are successors in title to Arleigh. Prior to the execution of these quitclaim deeds, Russell and Arleigh had agreed on a division line. Since 1939, including the quitclaim deeds executed on October 3, 1939, the last call in the division line in all deeds related to the former Richardson land read: "thence continuing N 57° 11′ W to a point in the boundary line of land formerly owned by C. J. Wakely." The course of N 57° 11′ W would not strike land formerly of C. J. Wakely.

The division line agreed on between the Richardsons intersected the former Wakely land at a point between an opening in a barbed wire fence for an old wood road and a grove of pine trees and hemlocks. At the time of trial Russell knew the approximate but not the exact location of such division point. The Richardsons always considered a wire

fence, shown as a barbed wire fence on exhibit L, as being the division line between their land and that of Wakely. The broken line along the Wolcott property shown on exhibit L, which is reproduced on the opposite page, was the Wakely line.[1]

The trial court concluded that the quitclaim deeds dividing the property between the Richardsons were ambiguous because it was impossible to fulfill the call in the deeds running N 57° 11′ W to the land of Wakely, for the course of N 57° 11′ W would not strike the Wakely land. The court then concluded that it was intended between the Richardsons that the last course of their division line should run in a northerly direction to the Wakely property. Then, confronted by the general description "to Wakely's land," the trial court concluded, first, that the plaintiff failed to show, except by approximation, the point to which the division line should run. Second, since the last course of their division line should run to some point on the Wakely line, that point should be the northwesterly corner of the original 160-acre Richardson farm. Third, that the last call in the description of the division line between the two parcels, as contained in the two quitclaim deeds of October 3, 1939, by and between the Richardsons, should be reformed by substituting the following: "Thence continuing to that point in the boundary line of land now or formerly of C. J. Wakely at the northwesterly corner of the premises owned in common by the grantor and grantee hereof," or whatever language deemed suitable and sufficiently clear

---

[1] In order to follow the finding as it relates to the disputed call of N 57° 11′ W and the land formerly of C. J. Wakely, there is here reproduced the westerly portion of a map introduced in evidence and marked as the plaintiff's exhibit L. The property shown as Frank E. Wolcott, Jr.'s, was formerly owned by C. J. Wakely and the property shown as Grace Whelan's was formerly owned by J. T. Soby.

## Plaintiff's Exhibit L

N 57°-11-00"W
1213.18

N 26°-52-30"E
1093.47'

N/F
GRACE WHELAN

N/F
JARVIS HOWARD

11 ACRES CLAIMED BY N/F FRANK E. WOLCOTT JR
ON MAP ENTITLED '—

PROPERTY OF
ESTATE OF FRANK E WOLCOTT
AND TRUSTEES FOR THE BENEFIT OF
FRANK E. WOLCOTT JR., ET AL
CHERRY BROOK ROAD- CONN. RT 179
CANTON          CONNECTICUT
SCALE 1"×100'          JAN 5, 1967
SIGNED   H.J. DOOLITTLE   C.E. & L.S

399'±

1180'±

290'±

N/F
N/F FRANK E. WOLCOTT JR.

PROPERTY OF

HEREERT R. SLEEPER,
ET AL
NO. MOUNTAIN    ROAD
CANTON      CONNECTICUT
H H.M.        J H.M.

to express the intent of the court that the last call of the division line shall run to the northwest corner of the Arleigh and Russell Richardson land.

The defendants assign error in these conclusions by the court. The court's conclusions are to be tested by the finding. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* supra; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

In determining a boundary line in a deed, the law is clear that the description in the deed, if clear and unambiguous, must be given effect. In such a case, there is no room for construction. The inquiry is not the intent of the parties but the intent which is expressed in the deed. *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 511, 280 A.2d 877; *Faiola* v. *Faiola,* 156 Conn. 12, 17, 238 A.2d 405; *Katsoff* v. *Lucertini,* 141 Conn. 74, 77, 103 A.2d 812; *Patzloff* v. *Kasperovich,* 116 Conn. 440, 441–42, 165 A. 349; *Botsford* v. *Wallace,* 69 Conn. 263, 271, 37 A. 902. Where the deed is ambiguous, however, the intention of the parties is a decisive question of fact. *Lake Garda Improvement Assn.* v. *Battistoni,* supra; *Staff* v. *Hawkins,* 135 Conn. 316, 319, 64 A.2d 176; *Gioia* v. *Annunziata,* 102 Conn. 52, 56, 127 A. 921; *Raymond* v. *Nash,* 57 Conn. 447, 452, 18 A. 714. The two deeds in this case are certain on their faces. There is no indefiniteness or contradiction in the description; no patent ambiguity appears. As already recited, the trial court, however, found that the course of N 57° 11' W would not strike land

formerly of C. J. Wakely. Hence, the trial court correctly concluded that the deeds are rendered uncertain by comparing them with the land which they purported to describe. There was, therefore, a latent ambiguity in the description of the line. The latent ambiguity thus disclosed by parol could be removed by parol. *Beach* v. *Whittlesey,* 73 Conn. 530, 534, 48 A. 350. The question of the parties' intention as to the division line was one of fact for the trial court and we cannot disturb its finding if it is based on evidence of the surrounding circumstances and the situation of the property which legally supports the finding. *Lake Garda Improvement Assn.* v. *Battistoni,* supra; *Christen* v. *Ruppe,* 131 Conn. 149, 152, 38 A.2d 439.

To ascertain the proper construction to be given to the deeds in this case, the trial court sought to discover the intent of the parties to the deeds by permitting the introduction of evidence of the situation of the property and the surrounding circumstances at the time of the conveyance and then looking at the terms of the deeds, in the light of the situation of the property and the surrounding circumstances. This accorded with our rule. *Lake Garda Improvement Assn.* v. *Battistoni,* supra; *Faiola* v. *Faiola,* supra; *Dennen* v. *Searle,* 149 Conn. 126, 131, 176 A.2d 561; *Henriques* v. *Rockefeller,* 148 Conn. 654, 658, 173 A.2d 596; *Luce* v. *Niantic Menhaden Oil & Guano Co.,* 86 Conn. 147, 149, 84 A. 521.

The defendants claim that the court erred in rendering judgment for the plaintiff when the conclusions reached by the court do not support it in that the plaintiff did not sustain its burden of proving a location other than N 57° 11' W for the disputed line. Here, as disclosed by the finding, the Richardsons did, in fact, agree on a division line prior to the

execution of the two quitclaim deeds, but the plaintiff is unable to fix the exact location of the last call in the boundary line.[2] The court found that the Richardsons agreed on a line that would intersect the former Wakely land at a point between the opening in the fence for an old wood road and a grove of pine trees and hemlocks. Nowhere in the finding is that point designated. The court, furthermore, concluded that the point to which the division line should run is to the northwesterly corner of the Richardsons' original 160 acres of land. Nothing in the finding warrants this conclusion by the court. In addition, we point out that neither party in this case has made the claim that the disputed call in the boundary line should run in the direction as found by the court. Further, the prayer for relief did not seek a relocation of the disputed line but only a reformation of the deeds to conform to the intent of the parties, which was simply to designate the last course as "thence continuing to a point in the boundary line of land now or formerly of C. J. Wakely." If the parties cannot agree to establish a more definitive location of this course which would locate the point in the boundary line of land now or formerly of C. J. Wakely, resort may be had to the remedy provided under General Statutes § 47-34.

There is error in the form of the judgment as to the first count, it is set aside and the case is remanded with direction that the two deeds be reformed by deleting the words "thence continuing N 57° 11′ W to a point in the boundary line of land formerly owned by C. J. Wakely" and substituting

---

[2] It should be noted that where the location of the boundary of lands between adjoining proprietors had become lost or uncertain and they cannot agree, a remedy is afforded under § 47-34 of the General Statutes.

therefor "thence continuing to a point in the boundary line of land formerly owned by C. J. Wakely."

The court is directed to render judgment as on file except as corrected to accord with this opinion.

In this opinion the other judges concurred.