Young Men's Christian Association of Meriden
v. Zemel Brothers, Inc., et al.

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued June 9—decision released July 20, 1976

*Richard Belford,* with whom was *Steven P. Floman,* for the appellants (defendants).

*L. Stewart Bohan,* with whom was *E. Jack Shorr,* for the appellee (plaintiff).

Per Curiam. This action was commenced as one for injunctive relief to require the defendants to remove certain equipment and buildings from land which the plaintiff claimed to own and to restrain the defendants from future trespass on the land. The defendants denied that the buildings and equipment were on the plaintiff's land. The case was referred to a state trial referee. At trial, the plaintiff's original prayers for relief were abandoned and the case was tried to the referee, exercising the powers of the Superior Court, on the question of whether the plaintiff or the defendants held title to the land where the buildings were located.

The properties of the plaintiff and the defendants adjoin each other. The plaintiff's property

consists of approximately sixty acres, the major portion of which lies at the base of Beseck Mountain in Meriden. The easterly portion of the land extends up the side of the mountain, the deed description of the easterly boundary being stated as "the top of the mountain." The defendants own the land on the westerly side of the mountain in the town of Middlefield. It is the precise location of the plaintiff's easterly "top of the mountain" boundary that was disputed by the parties.

After hearing all the evidence, examining the relevant records and deeds and viewing the property, the court concluded that there was an ambiguity in the deed description of the easterly boundary line as to the meaning of "the top of the mountain," that it was the intention of the parties when their respective properties were purchased that the boundaries were within the respective town or city where the deeds were recorded, and that the easterly boundary of the plaintiff's land described in its deed as the "top of the mountain" was the Meriden-Middlefield town line, which was clearly designated on the mountain by brownstone monuments.

It is unnecessary to recite all the evidence considered by the court. Under the circumstances, the "top of the mountain" boundary description was insufficient to fix the location of that boundary solely from the deed description. What this court said in similar circumstances in *Christen* v. *Ruppe,* 131 Conn. 149, 152, 38 A.2d 439, is particularly relevant to our decision on this appeal: "There was therefore a latent ambiguity in the description of the line in question. *Doolittle* v. *Blakesley,* 4 Day 265, 271; *Nichols* v. *Turney,* 15 Conn. 101, 113;

*Atkinson* v. *Cummins,* 9 How. (50 U.S.) 479, 486, 13 L. Ed. 223; *Stone* v. *Clark,* 1 Metc. (42 Mass.) 378, 381; note, 68 A.L.R. 4, 5; and see *Bielby* v. *Blinn,* 112 Conn. 1, 4, 151 Atl. 357. Accordingly, the question of what the parties intended as the easterly line was one of fact for the trial court and we cannot disturb its finding, based as it is upon evidence of the surrounding circumstances and the situation of the property, which legally supports it. *Luce* v. *Niantic Menhaden Oil & Guano Co.,* 86 Conn. 147, 150, 84 Atl. 521; *Gioia* v. *Annunziata,* 102 Conn. 52, 56, 127 Atl. 921; *Ferrigno* v. *Odell,* 113 Conn. 420, 426, 155 Atl. 639."

There is no error.