[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
TRIAL REFEREE'S MEMORANDUM OF LAW
This case involves the interpretation of a deed dated August 11, 1978 from Floyd R. Welch and Olive Marjorie Welch (defendants' predecessors in title) to Lawrence Spring and Marguerite Spring (plaintiffs' predecessors in title) for certain property off Stone's Ranch Road in East Lyme. Three of the four dimensions on the deed are in question, and these are:
1. The northerly dimension, described as "running easterly 1,110 feet, more or less, along said Welch land to a marker in another stone wall";
2. The easterly dimension, described as "running southerly 400 feet along said stone wall"; and
3. The southerly dimension, described as running westerly along a stone wall "a total of 1,110 feet, more or less."
When compared to conditions on the ground, these dimensions and references to stone walls do not correlate. As shown on Addendum "A", if the northerly dimension is 1,110 feet, more or less, it falls between two stone walls, not on one. Further, if the easterly dimension follows the first stone wall in a southerly direction, it cuts 313 feet off the southerly bound, reducing the acreage in the property by 1.9 acres. The plaintiffs claim that the dimensions in the deed should control, giving the plaintiffs 1.9 acres, and the defendants claim the stone wall should govern and the defendants should possess the disputed 1.9 acres.
The references in the deed to markers do not assist in the resolution of these ambiguities, because surveyors who surveyed the premises in 1979 for the Welch and Davis families did not locate any such markers at that time. While markers appear to CT Page 3307 be in place now, they were not in 1978, and the date and motivation for their installation appear uncertain.
It should be noted that the original deed language was drafted by Floyd R. Welch, himself, not by a lawyer or a surveyor. He appears to have estimated some of the distances — certainly the southerly boundary — and it is difficult and perhaps unfair to apply the customary presumptions of deed construction to such an informal job.
The parties to the original transfer — Welch and Spring — appear to have intended the dimensions to apply over the references to the stone wall. Mrs. Spring stated that she was buying 10 acres at $3,500.00 per acre, and such acreage and the resulting $35,000.00 price were only achieved if the dimensions control over the stone wall. Within nine months of the transfer, Mr. Welch deeded a neighboring parcel to his son-in-law and daughter, Lawrence Davis and Laurie Welch Davis. In the deed to the Davises, the Welches used as the southerly bound the dimensional description of the Spring line; they ignored any reference to the stone wall and did not use its location or angle in establishing the easterly bound of the Davis parcel. (See Addendum "A"). Further, when the surveyor preparing the 1979 Davis subdivision map called the discrepancy between the stone wall and dimensions in the Spring deed to Mr. Welch's attention, Welch instructed him to follow the dimensions and place the bound between the two stone walls. Since 1978, the assessor of East Lyme has used the dimensional description and not the stone walls to assert tax liability, and the Springs and plaintiffs have paid the property taxes on the disputed acreage. A subdivision plan of the Spring property, subject to public notice, was submitted in 1988, showing the dimensions as 1,110 feet by 400 feet and Mr. Welch did not object to the plan.
The defendants, successors in title to Welch, strongly argue that monuments, such as a stone wall, control over dimensions and that there is, therefore, no ambiguity in the deed on record. To this end, they called Angus MacDonald, an expert surveyor, and submitted a series of treatises on survey construction of deeds. However, even if no ambiguity were apparent on the face of the deed, uncertainties in need of resolution can be established by evidence and testimony. As stated by the Supreme Court in F. AK, Inc. v. Sleeper,161 Conn. 505, 511 (1971) ". . .the Trial Court correctly concluded that the deeds are rendered uncertain by comparing them with the land which they purported to describe. There was, therefore, a latent ambiguity in the description of the line. The latent ambiguity thus disclosed by parol could be removed by parol." In this instance, Mr. MacDonald's interpretation of CT Page 3308 the deed on its face — with the stone wall controlling over the dimensions — may remove any ambiguity in the description, but it does not remove the ambiguity between the 10 acres purchased and the 1.9 acres missing, the ambiguity between the southerly and easterly bound of the Davis tract on the one hand and the northerly and easterly bound of the Spring tract on the other, and the ambiguity between the stone wall location, the assessor's map and the two subsequent subdivision maps.
The defendants argue that even if a latent ambiguity is detected, it must be resolved in their favor, as monuments prevail over dimensions as a matter of course in the interpretation of deeds. Monuments over dimensions constitutes an accepted rule of construction. See, Frank Towers Corporation v. Laviana, 140 Conn. 45 (1953). However, the Supreme Court has described the rule ". . .as one of construction and not of law, not imperative and exclusive, but as an aid in determining the intent of the grantor. If the inflexible application of the rule just noted does not clarify his intent, but yields a result utterly at variance with the manifest reason for the existence of the [grant], then it is to be laid aside, if the application of the measurements given yields a reasonable and logical result, taken in connection with surrounding circumstances, especially the physical condition of the property under consideration, its situation and the uses to which it might be put." Russo v. Corideo, 102 Conn. 663, 672-73 (1925).
In this instance, the imposition of monuments over dimensions would defeat the evident intent of the conveyance to transfer 10 acres and would contradict the intent of the grantor as expressed shortly after the transfer to the surveyor of the Davis property. The parties obviously intended to convey the dimensions described, and that intent should govern over the stone wall as a monument. "To ascertain the proper construction to be given to the deeds in this case, the trial court sought to discover the intent of the parties to the deeds by permitting the introduction of evidence of the situation of the property and the surrounding circumstances at the time of the conveyance and then looking at the terms of the deeds, in light of the situation of the property and the surrounding circumstances. This accorded with our rule." F. AK, Inc. v. Sleeper, supra., 161 Conn. at 511.
Neither the plaintiffs nor the defendants were parties to the original conveyance which is the root of this problem, and equitably, it would be particularly unfair to take 1.9 acres away from the plaintiffs and award it to the defendants. The record indicates that the plaintiffs took title without any notice of the latent ambiguity or dispute; they have been entirely stymied in their development plans since receiving CT Page 3309 notice of the claim from the defendants on or about December 1, 1988. The defendants, Scotts, on the other hand, purchased the Welch property with notice of the dispute, and the sales price of the transaction was adjusted accordingly. Mr. Welch, having personally drafted the deed which gave rise to this litigation, should not now, 14 years later, through a successor in title, enjoy a windfall at the expense of an innocent third party.
Accordingly, it is recommended that title be quieted in favor of the plaintiffs against the defendants with costs.
Respectfully submitted,
TIMOTHY D. BATES STATE TRIAL REFEREE