[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case represents an action at law brought by the plaintiffs to quiet title and or establish title to a piece of property contained in one of three parcels owned by the father of the plaintiffs, Charles Selden Loveland, who died on or about December 26, 1987.
Based upon the relevant, credible and admissible evidence produced at trial, the following represents the findings of fact and conclusions of law with respect to the claims of the parties herein.
Charles Selden Loveland was the owner in fee simple of certain land having an area of approximately 25 acres in the town of Durham, County of Middlesex, State of Connecticut. The said Loveland acquired his interest in said premises by warranty deed from Frank Arrigoni to Charles Selden Loveland dated September 5, 1923 and recorded in the Durham Land Records, Vol. 36, Page 125. (Exhibit #1). The approximate 3 acre parcel in dispute in this case is part of the "first piece" conveyed by the said Arrigoni to said Selden, which first piece is described in the aforementioned deed to Selden as follows:
First Piece:
 A certain tract of land with the dwelling house and other buildings thereon, known as the Homestead, situated CT Page 4133 in the said town of Durham, containing twenty-five (25) acres, more or less, bounded as follows:
 northerly by land of John Waszkiewicz; easterly by a highway known as the "Old Road"; southerly by land of Serafino Garbarino and westerly by a Highway known as the Madison Road.
Thereafter, the said Loveland conveyed a piece out to the State of Connecticut in connection with a new road being constructed over his land. (Exhibit 2)
On November 18, 1931 Charles Selden Loveland executed a deed of conveyance to Julia Pranno of the three parcels that he had received from Arrigoni as aforesaid. The core dispute in this case is whether or not the three acre parcel, the subject of this litigation, was included by Selden in his deed of conveyance to Pranno. In said deed, recorded in the Durham Land Records in Vol. 36, page 327, (Exhibit #3), the said grantor Loveland described the first piece as follows:
First Piece:
 A tract of land with the dwelling house and other buildings thereon, known as the Homestead, situated in the said Durham, containing twenty-five acres, more or less, bounded;
 northerly by land of John Waszkiewicz; easterly by new highway known as Madison Turnpike; southerly by land of Serafino Garbarino westerly by old Highway known as Madison Road
A comparison of the two descriptions set forth in Exhibits 1 and 3 obviously indicates that the easterly bound was differently described in the two deeds.
This changed description in Exhibit 3 is the basis for the plaintiffs' claim that the approximate 3± acre piece in dispute was retained by the grantor Loveland, their father, from the land conveyed to the predecessor of the defendant, Julia Pranno, and is depicted in Exhibit 5 as a triangular parcel "2.902 AC". Said triangular parcel is also depicted in Exhibit 14 as an uncolored CT Page 4134 piece of 2.90 AC.
This court finds merit in this claim of the plaintiffs.
In the Loveland deed to Pranno after the description of the second and third piece, the deed recites;
 "For title of grantor, see deed recorded in Vol. 36, Page 125, Durham Land Records. Being the same property conveyed to the grantor by Frank Arrigoni as per deed recorded in Vol. 36, Page 125, Durham Land Records, except that portion taken by the State of Connecticut for highway purposes, as will appear by deed recorded in Vol. 39, Page 304 Durham Land Records. . . ."
The court finds that the grantor said to his daughter, Nancy Wimler, when he had brought the deeds down to her home in the 1970's, referring to this piece, that it did not go with the farm piece and that it was saved for his children and or grandchildren.
When Loveland, the grantor-father of the plaintiffs herein died in 1987, the plaintiffs herein were co-executors of his estate and for whatever reason they did not inventory any interest in this parcel of land in their father's estate, nor did they have an explicit explanation for this failure. Undoubtedly, they assumed that it was being taken care of by their lawyer.
"In determining a boundary line in a deed, the law is clear that the description in the deed, if clear and unambiguous, must be given effect. In such a case, there is no room for construction."F. AK Inc. v. Sleeper, 161 Conn. 505, 510, 289 A.2d 905 (1971).
This court concludes that the boundary description of the first piece in the Loveland to Pranno deed (Exhibit 3) is free from ambiguity and must control, notwithstanding the inconsistent general statement which follows by reference to another deed. Thus, although the grantor Loveland excepted from his deed to Pranno the piece conveyed out to the State of Connecticut and failed to except this triangular, approximate three acre parcel, the unambiguous and clear description of what he conveyed in the first piece controls over the subsequent paragraph giving a reference to his title. Therefore, record title to the parcel in question is vested in the plaintiffs.
However, the defendant estate of Julia Pranno claims ownership CT Page 4135 to this approximate three acre parcel of land, by virtue of the doctrine of adverse possession.
"[A] person who claims title by adverse possession is claiming that although he does not have record title, his proof of possession . . . entitles him, in an action to quiet title, to a judgment of ownership . . . . The trial court must first determine in which party record title lies, and then, if necessary, determine whether adverse possession has divested the record owner of his title." (Citations omitted; internal quotation marks omitted.) Konikowski v. Everson, 42 Conn. App. 658, 659-60,680 A.2d 1366 (1996). The person claiming title by adverse possession must establish that possession was uninterrupted for the statutory period "under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." (Internal quotations marks omitted.) Oak Leaf Marina,Inc. v. Ertel, 23 Conn. App. 91, 94, 579 A.2d 568 (1990).
Julia Pranno claimed that she owned this property from the time of the deed of conveyance from Loveland in 1931 until her recent death. Since the said conveyance, Julia Pranno entered onto the disputed property and did, since such date, act as the owner thereof. She exercised dominion and control over said property. She caused a fence to be erected and or maintained on, and erected and or maintained a wall at the boundary of her said premises. At her direction relatives entered onto said property, cleared brush and for a number of years planted and cultivated a small amount of corn on this disputed piece.
Julia Pranno offered this piece along with the balance of the land that she owned for sale and engaged sales agents and had a "for sale" sign placed on a part of the subject parcel.
She spoke openly and strongly that this was her land, and paid all of the real estate taxes levied by the Town of Durham on said real estate since the time she claimed to have acquired it by deed in 1931.
This court concludes that although record title to the property is, or may well be vested by probate action, in the plaintiffs, the defendant's predecessor in title, Julia Pranno, acquired title to said property by adverse possession. For well in excess of the required fifteen year period, Conn. Gen. Statutes Sec. 52-575, she exercised dominion and control and claimed ownership of said property under a claim of right in an open, CT Page 4136 visible and exclusive manner without any consent or license from the record owners thereof.
In view of these findings and conclusions of the court the other claims of law raised by the defendant by way of special defense are moot.
Although the court finds herein that record title stands in the name of the plaintiffs herein, judgment is entered in favor of the defendant on the counterclaim and it is hereby found, ordered and decreed that the said estate of Julia Pranno and or those entitled thereunder have acquired and do presently hold title to said 2.99 acre piece of land, approximately three acres and counsel for the defendant is instructed to prepare a judgment file, which judgment file shall contain a specific description of the 2.99 acre parcel, to be approved and signed by the court, recordable in form for the purpose of reforming the land records of the town of Durham.
In view of the findings of the court as hereinbefore set forth costs are not awarded to either party.
It is so ordered.
HIGGINS, J.