MICHAEL P. FATTIBENE *v.* DENNIS J. KEALEY
(5139)

DUPONT, C. J., BORDEN and SATTER, Js.

Argued May 6—decision released September 1, 1987

*Arthur T. Fattibene,* with whom, on the brief, was *Paul A. Fattibene,* for the appellant (plaintiff).

*Kenneth B. Povodator,* for the appellee (defendant).

SATTER, J. The plaintiff appeals from a judgment in favor of the defendant rendered by the trial court after accepting the report of an attorney trial referee and from an order of the trial court imposing sanctions upon the plaintiff and his counsel.

The plaintiff alleged in a five count complaint that the defendant negligently repaired the transmission of the plaintiff's 1980 Audi and breached an express warranty as to the work. The case was referred to an attorney trial referee. After extensive hearings, the attorney referee found that the defendant's warranty applied only to the transmission, and that there was no credible evidence that the plaintiff's damages "arose as a result of negligent transmission repair, defective transmission parts or a breach of warranty-guarantee." Accordingly, he concluded that the plaintiff should not

recover from the defendant under any of the five counts of the complaint.

The plaintiff filed a motion to correct and a motion objecting to the referee's findings. He also moved to continue the hearing on the ground that the plaintiff had discovered new evidence and had been denied the opportunity to present rebuttal evidence.

After consideration of the plaintiff's lengthy motions, the attorney referee, in an order and supplemental report, reached the following conclusions: As to the motion to continue the hearing, the attorney referee found that the plaintiff had failed to meet the requirements for opening a trial on the basis of newly discovered evidence, because he had not shown (1) that he had exercised due diligence to discover the evidence, (2) that the evidence did not exist at the time of the trial, and (3) that the evidence was material to the issues and would change the outcome of the case. The attorney referee also found that at the end of the hearings the plaintiff had made no attempt to offer rebuttal evidence. As to the motions relating to his findings, the attorney referee meticulously considered all of the plaintiff's attacks upon them. He made a minor correction to include the torque converter under the defendant's warranty but otherwise found that the plaintiff's requested findings of subordinate facts were either not pertinent to the issues in the case or not supported by credible evidence.

Pursuant to Practice Book §§ 439 and 440, the plaintiff filed with the court exceptions and objections to the attorney referee's reports. The court duly rendered judgment in which it noted: "The court having heard the parties finds that the reports of the Attorney Trial Referee should be and they are accepted."

After the plaintiff filed his motions relating to the attorney referee's reports and before they were ruled

upon by the court, the defendant moved for sanctions against the plaintiff on the grounds that the plaintiff had repeatedly filed pleadings in bad faith and with the intent to harass the defendant and delay entry of judgment. The court, after hearing, granted the defendant's motion and imposed sanctions as follows: "The plaintiff and his counsel are taxed all costs incurred by the defendant, including all reasonable attorney's fees for defendant's counsel, since March 21, 1986." The defendant's counsel filed an affidavit in support of attorney's fees in the amount of $1326, and the plaintiff filed a response. The record does not reveal that the court has determined the amount of its sanctions.

The plaintiff asserts two main claims of error: (1) as to the judgment, the trial court erred in making factual findings and conclusions relating to the warranty and the breach thereof, and in denying the plaintiff's request to open the hearing to allow introduction of new evidence; and (2) as to the sanctions, the trial court erred in imposing a punishment on the plaintiff and his counsel for doing what the rules of practice not only permitted, but required in order to challenge the referee's report. We find no error as to the judgment, and dismiss the appeal as to the order of sanctions for lack of jurisdiction.

I

When the factual basis of a trial court decision is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 256–57, 524 A.2d 610 (1987); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The primary factual issues of this case were which parts of the car were covered by the warranty and

whether the defendant had breached that warranty. The referee found that the warranty applied only to the transmission and torque converter of the plaintiff's car; the damages alleged by the defendant were not caused by negligent repair of those parts, and that there was no breach of warranty.

On the issue of opening the hearing, the referee found that the plaintiff had failed to meet the requirements for presenting newly discovered evidence.

While the record reveals a conflict of evidence on these matters, the probative force of the evidence is for the trier of fact to determine. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979). The referee's factual findings in favor of the defendant on both issues were not unsupported in the record or mistaken as a matter of law. *Bowman* v. *1477 Central Avenue Apartments, Inc.,* supra, 257. Because the referee's findings were not clearly erroneous, the trial court did not err in rendering judgment in accordance with the report.

## II

The court imposed sanctions upon the plaintiff and his attorney, measured by the defendant's costs, including the defendant's reasonable attorney's fees, but the court did not fix the amount of its sanctions. Its order, therefore, is not final. *Connecticut Bank & Trust Co.* v. *CHRO,* 202 Conn. 150, 156, 520 A.2d 186 (1987). Although this issue was not raised by the parties, this court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. *Sasso* v. *Aleshin,* 197 Conn. 87, 89, 495 A.2d 1066 (1985).

There is no error as to the judgment of the trial court; the appeal of the court's order of sanctions is dismissed.

In this opinion the other judges concurred.