AUDREY B. SCHULTZ *v.* LEONARD H. BARKER
(5744)

BIELUCH, STOUGHTON and NORCOTT, Js.

Argued April 20—decision released August 30, 1988

*David M. Royston,* with whom, on the brief, was *Frederick J. Miano,* for the appellant (defendant).

*David A. Zipfel,* with whom was *Stephen C. Barron,* for the appellee (plaintiff).

NORCOTT, J. The plaintiff instituted this action seeking to enjoin the defendant from blocking a right-of-way over the defendant's property which provides the plaintiff with access to her beachfront cottages. The defendant counterclaimed requesting that the court reform the deeds to both properties to show a right-of-way over the plaintiff's property providing the defendant with access to the beach, enjoin the plaintiff from interfering with this right-of-way and award money damages.

The matter was heard by an attorney trial referee pursuant to General Statutes § 52-434 (a) (4). Upon issuance of the referee's report, the defendant moved to correct certain findings pursuant to Practice Book § 438. In response, the referee issued a revised report. Pursuant to Practice Book § 440, the defendant filed an objection to the acceptance of this report. The trial court overruled the objection and rendered judgment for the plaintiff on both the complaint and the counterclaim in accordance with the findings and conclusions of the referee.

The defendant appeals from the judgment for the plaintiff on the counterclaim, asserting that the trial court erred (1) in concluding that the defendant does not have an easement by implication over the plaintiff's property, (2) in allowing the admission into evidence of a letter from the defendant's attorney to the plaintiff, and (3) in ruling that there was no mutual mistake in the failure of the parties to provide the defendant with deeded beach rights. We find no reversible error.

The record reflects the following facts relevant to this appeal. The plaintiff and the defendant are, respectively, sister and brother. They, along with another sister, Janice Habicht, not a party to this action, are the heirs of Herbert W. Coburn, their uncle, who owned a single tract of land at Howard Beach in Old Lyme, Connecticut. There are five cottages and a garage on this property. Coburn lived in one of the cottages and rented the other four until his death in 1968. In his will, Coburn devised a particular beachfront cottage to the plaintiff and one to Habicht. He devised the two rear cottages and the garage to the defendant. The plaintiff later purchased the remaining beachfront cottage from the estate. Since Coburn devised only the cottages and did not mention the land on which they were situated, the executor of his estate met with the heirs to discuss the subdivision of the property so that each heir would own the property on which his or her cottage stood. There was no discussion among the heirs regarding beach rights.

A surveyor was hired to produce a subdivision map which was subsequently approved by the Old Lyme planning and zoning commission. The map divided the property into four lots as follows: lot 1 on the northerly portion of the tract at Seaside Lane; lots 2, 3 and 4 on the southerly portion of the tract and running to the beach of Long Island Sound. The map designates lots 2 and 3 as one lot. Lots 2, 3 and 4 require access

over lot 1 to reach Seaside Lane which terminates at the northwest corner of lot 1, and the map designated a ten-foot right-of-way along the westerly and southerly boundaries of lot 1 and bordering the northerly boundaries of lots 2 and 3. The map also indicates a tie line[1] running east and west across the southerly portion of lots 2, 3 and 4 and designating a knoll and a drop in the terrain running toward Long Island Sound. The certificates of devise to lots 3 and 4 contain a description of the right-of-way to Seaside Lane, as does the deed to lot 2. Although no instrument mentions rights of access to the beach in favor of the rear parcel, the evidence supports the court's finding that during the time Coburn owned the property, as well as the time it was owned by the parties and Habicht, residents of the property, whether owners, tenants or guests, walked between the cottages on lots 2, 3 and 4 and between the cottage on lot 2 and the westerly boundary of the property, to use the beach running southerly of the tie line.[2] Until 1982, this pattern of use was with the consent of Coburn or, after his death, with the consent of the plaintiff and Habicht. Since 1982, the defendant has had Habicht's permission to use the area on the west side of her cottage for beach access.[3] The defendant also has obtained an easement by deed to pass over the area east of Habicht's cottage and has built a set of steps leading from his property to that area.

In 1982, a dispute arose between the plaintiff and the defendant regarding the plaintiff's use of the right-of-way from Seaside Lane to her cottages, and the defend-

---

[1] "Tie line" is a surveyor's term designating a line which is measured on the ground to connect objects to a survey. Webster, Third New International Dictionary.

[2] The defendant does not claim a right to use the beach in the area between the tie line and the front cottages. The parties agree that this area was always restricted to the use of the occupants and guests of the front cottages.

[3] Since Habicht is not a party to this action, the defendant does not claim an implied easement over this particular piece of property.

ant's right to pass over the plaintiff's property to reach the beach area. The defendant constructed a fence along the southerly border of his property blocking the plaintiff's reasonable use of the right-of-way and access to her property. The parties agreed that the defendant would remove the fence and stipulated that the defendant would not interfere with the plaintiff's use of the right-of-way. The trial court enjoined the defendant from obstructing or preventing the plaintiff from using this right-of-way. The court also concluded that the defendant had no right to pass over the plaintiff's land to gain access to the beach.

I

The defendant's first claim is that the court erred in concluding that he does not have an implied easement over the plaintiff's property. In support of his claim, the defendant asserts that the court erred in finding that an easement over the plaintiff's land was not reasonably necessary for the fair enjoyment of his property.

When the factual basis of a trial court's decision is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Fattibene* v. *Kealey,* 12 Conn. App. 212, 215, 530 A.2d 206 (1987). "In this state, the law regarding easements by implication arising out of the severance of title of two adjoining or commonly owned properties is well settled. ' "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a

. . . reservation of the right to continue such use. . . . [I]n so far as necessity is significant it is sufficient if the easement is 'highly convenient and beneficial' for the enjoyment" ' of the dominant estate. *D'Amato* v. *Weiss,* 141 Conn. 713, 717, 109 A.2d 586 (1954), quoting *Rischall* v. *Bauchmann,* 132 Conn. 637, 642–43, 46 A.2d 898 (1946), and cases cited therein; see also 2 G. Thompson, Commentaries on the Modern Law of Real Property (1980 Replacement) § 351, p. 292." *Powers* v. *Grenier Construction, Inc.,* 10 Conn. App. 556, 559, 524 A.2d 667 (1987).

The record reflects, and the court found, that there was unity of title to the plaintiff's and the defendant's parcels of land in Coburn until the property passed by certificates of devise and by sale in 1970, and that there was an apparent and obvious servitude which existed at the time of severance. Thus, three of the four criteria for an implied easement were established. As to the fourth criterion, that the use be reasonably necessary for the fair enjoyment of the property, the court found specifically that although an easement over the plaintiff's property would enhance the enjoyment of the defendant's property, it was not necessary to the fair enjoyment thereof. The record reasonably supports the court's finding.

Although the previous use of the pathways over the plaintiff's property is an indication that these routes were convenient and beneficial, the evidence indicates that the defendant has convenient access via alternate routes. The record discloses the undisputed fact that although access to the beach between lot 4 and the easterly boundary of the Habicht property formerly was not convenient because the area was overgrown, the area has been cleared, and the defendant has built steps from lot 1 to this part of lot 4. It is also undisputed that since 1983, the defendant has had access to the beach by a deeded right-of-way through this area. There also

is an indication in the record that the occupants of the rear cottages are able to use the public beach to which the defendant undeniably has access. In light of the fact that the occupants of the rear cottages on lot 1 have other access to the beach, the trial court's determination that the defendant did not meet his burden of proving reasonable necessity, and therefore was not entitled to an implied easement over the plaintiff's property, was not clearly erroneous.

## II

The defendant's second claim is that the trial court erred in allowing into evidence a letter of February 17, 1983, sent by the defendant's attorney to the plaintiff. The defendant asserts that the letter, in which the defendant, through his attorney, offered to purchase an easement over the plaintiff's property between lot 2 and the plaintiff's westerly boundary, was a settlement offer and as such was inadmissible.

"It has long been the law that offers relating to compromise are not admissible on the issue of liability. *Nearing* v. *Bridgeport,* 137 Conn. 205, 209, 75 A.2d 505 (1950); *Stranahan* v. *East Haddam,* 11 Conn. 507, 512–19 (1836); McCormick, Evidence (2d Ed.) § 274." *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 490, 446 A.2d 1071 (1982). " 'Where it is not clear whether the statement is an offer of compromise or an admission of liability [or other fact] and the motive of the declarant is subject to speculation and conjecture, the statement must be excluded.' Tait & LaPlante, Handbook of Conn. Evidence (1976) § 11.5 (d) (2), p. 189." Id. "As a general rule an offer of a specific sum, by way of compromise, to prevent a suit and purchase peace, is inadmissible against the party making such offer." 2 B. Holden & J. Daly, Connecticut Evidence § 106, p. 1048 (1988).

The letter from the defendant's attorney was written after the dispute between the parties arose and before this litigation was commenced. In the letter, the defendant's attorney offered to exchange the defendant's one-third remainder interest in the parties' mother's property, allegedly worth approximately $20,000, for ownership of a right-of-way for beach access from the defendant's lot 1 across the west side of the plaintiff's lot 2. The first paragraph of the letter states, in part, that the defendant "has the feeling that it would be better for everyone were he to own a right-of-way so that he was not trespassing or otherwise upsetting the others in the family." The last paragraph of the letter states that "this letter is merely to open the negotiation . . . . I am glad to do what I can to bring about a satisfactory solution to both [the defendant's] problem and to yours . . . . " Both the defendant and the attorney who wrote the letter testified that the offer was for the purpose of settling the dispute between the plaintiff and the defendant.

This letter was clearly an attempt to compromise or settle the dispute between the parties and offers a property interest valued at a specific sum to avoid suit and to purchase peace and as such was inadmissible.

" 'Although the ruling was erroneous, the defendant is not entitled to relief unless the error is also harmful.' " *Connecticut Limousine Service, Inc.* v. *Powers*, 7 Conn. App. 398, 401, 508 A.2d 836 (1986), quoting *McCahill* v. *Town & Country Associates, Ltd.*, 185 Conn. 37, 40, 440 A.2d 801 (1981). We conclude that this error was harmless as there was sufficient other evidence, as set out in section I, supra, to support the court's determination that the defendant was not entitled to an easement by implication over the plaintiff's property.

## III

Finally, the defendant claims that the court erred in ruling that there was no mutual mistake in the failure of the parties to provide deeded beach rights to the defendant. The referee in his report, and the trial court in its oral decision, found no evidence to support this claim. Because the defendant has not provided this court with any legal authority for his position and has argued only suppositions and the inconceivability of the common grantor's having devised lot 1 without beach access, his claim will not be considered. See *In re Shavoughn K.,* 13 Conn. App. 91, 99–100 n.2, 534 A.2d 1243 (1984).

There is no error.

In this opinion the other judges concurred.