[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Barnes Engineering and EDO Corporation, have moved for imposition of the sanction of nonsuit and for costs because of the failure of the plaintiffs to comply with a court order in this litigation.
By an order dated November 21, 1990, the court (Meadow, J.) granted the defendants' motion for imposition of sanctions against the plaintiffs, Barnes/Science Associates Limited Partnership and E F Development Company, for failure to produce certain deponents at duly scheduled depositions.
The plaintiffs timely filed a notice of reservation of its right of appeal pursuant to section 402 P.B. and did not pay the $5,175.00 ordered to be paid. They have taken the position that they need not do so until after resolution of the eventual appeal.
The defendants urge the court to enter a nonsuit for failure to comply with the sanction awarded, and they further seek costs in an unspecified amount as compensation for their efforts to secure compliance with Judge Meadow's order. The defendants' motion for costs was not accompanied by any affidavit as to time and expenses incurred, and defendants' counsel was unable to represent to the court the actual CT Page 3565 amount claimed. Accordingly, the incomplete motion for costs was marked off by the court. Connolly v. Connolly, 191 Conn. 468,475-6, (1983).
The central issue is whether the filing of a notice of a reservation of right to appeal serves to stay compliance with an order of the court imposed to compensate one side for expenses alleged to have been incurred because of the conduct of the other side in the course of the discovery phase of litigation.
While the plaintiff correctly observes that the issue of imposition of sanctions was one which could be reserved for appeal until the time of a final judgment pursuant to section 4002 P.B., it does not follow that the issue so reserved for appeal is subject to an automatic stay.
The relevant provision of the Practice Book, section 4046 P.B., provides in relevant part that "[i] all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed such proceedings shall be stayed until the final determination of the case. . . ."
The plaintiffs argue that an interlocutory issue that has been the subject of a notice of reserved appeal pursuant to section 4046 P.B. is akin to a judgment and is likewise automatically stayed pursuant to section 4046 P.B.
By its terms, section 4046 P.B. imposes an automatic stay only as to judgments. Section 4047 provides that "[i]n noncriminal matters in which the automatic stay provisions are not applicable and in which there are no statutory stay provisions, application for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who tried the case unless that judge is unavailable. . . ." The existence of a provision governing stays in situations not covered by section 4046 plainly indicates that the scope of that provision for automatic stays is limited and is not, as the plaintiff argues, extendable to all issues that have become final for purposes of ripeness for appeal, the issue in Fattibene v. Kealey,12 Conn. App. 212, 216 (1987) and its sequel, Fattibene v. Kealey, 18 Conn. App. 344, 351 (1989).
Because the plaintiffs acted on the mistaken belief that Judge Meadow's order was automatically stayed by the filing of the notice of reservation for appeal, it is appropriate for this court, which has taken up the matter in Judge CT Page 3566 Meadow's absence, to order sua sponte, a temporary stay pursuant to section 4047 P.B. to allow the plaintiff an opportunity to seek a stay from the judge who imposed the order at issue. This temporary stay shall be in effect until April 26, 1991, or, in the event of the filing by that date of a motion to stay, until the adjudication of such motion. In the event that no motion for a stay is filed by April 26, 1991, the plaintiff shall pay the defendants the sum ordered by Judge Meadow or a nonsuit shall enter pursuant to section 351 P.B.
BEVERLY J. HODGSON, JUDGE OF THE SUPERIOR COURT