GERARDO MASTRONARDI ET AL. *v.* JOSEPHINE
INFANTE ET AL.
(11870)

DUPONT, C. J., FOTI and FREEDMAN, Js.

Argued October 29, 1993—decision released May 31, 1994

---

*Daniel Shepro,* for the appellants (defendants).

*R. Richard Roina,* for the appellees (plaintiffs).

FOTI, J. The defendants[1] appeal from the judgment rendered in favor of the plaintiffs, Gerardo Mastronardi and Angela Mastronardi. Following a trial before an attorney state trial referee; see General Statutes § 52-434 (a) (4); Practice Book § 428 et seq.; the trial court accepted the referee's reported findings determining the boundaries of a certain easement, and rendered judgment. On appeal, the defendants claim that the trial court improperly (1) sustained the referee's findings of fact, and (2) sustained the conclusions based on those findings. We affirm the judgment of the trial court.

The evidence introduced at trial supports the following facts. The dispute centers on three separate maps: (1) a map entitled "Resubdivision of Lot 2 prepared for Pinewood-Monroe, Inc., Cutlers Farm Road, Monroe, Conn., Scale: 1″ = 40′ Mar. 1, 1986," recorded at the town clerk's office in Monroe on September 19, 1986, and designated map no. 1887 (map one);[2] (2) an unnum-

---

[1] Michael Infante, the named defendant's husband, is also a defendant, alleged to have "owned, possessed and/or controlled" land "directly across from and southwest of the plaintiffs' property."

[2] Appendix A.

bered and unrecorded map entitled "Resubdivision of Lot 2 prepared for Pinewood-Monroe, Inc., Cutlers Farm Road, Monroe, Conn., Scale: 1″ = 40′ Mar. 1, 1986 Revised July 11, 1986" (map two); and (3) a map entitled "Map Showing Easement prepared for Michael Infante, Cutlers Farm Road, Monroe, Conn. Scale: 1″ = 40′ May 24, 1990," recorded June 12, 1990, and designated map no. 2148 (map three).[3]

For some time prior to September, 1986, the named defendant, Josephine Infante, owned approximately three and one-third acres of land in Monroe known as 310 Cutlers Farm Road. On September 2, 1986, she deeded approximately one acre of the parcel to Anthony Testo subject to an easement. The deed designated the parcel as "Lot A on a certain map entitled, 'Resubdivision of Lot 2' prepared for Pinewood-Monroe, Inc., Cutlers Farm Road, Monroe, Conn., Scale: 1″ = 40′ Mar. 1, 1986 Revised July 11, 1986 which map is on file in the office of the Town Clerk to which reference may be had for a more particular description of the premises." Although this deed referred to the map as "on file" in the office of the town clerk, the defendants concede that a map with that title was never recorded.[4]

The deed further contained language reserving a driveway easement in favor of "Parcel B," the portion of the Cutlers Farm Road property retained by the named defendant. The deed also provided that "[t]he Grantor reserves the right to install a black top driveway upon the driveway easement and reserves the right and assumes the obligation to maintain and repair and

---

[3] Appendix B. Map three is identical to map two, except for the different date and title.

[4] The referee's report notes that the "referenced map was not filed until some time in 1990," apparently referring to map three, recorded June 12, 1990. As previously stated, map three is identical in appearance to the earlier map two.

snow plow said driveway . . . [and] the right to plant hemlocks for screening along driveway easement.''

On October 2, 1986, the deed from the named defendant to Testo was recorded in the Monroe town clerk's office. On September 19, 1986, after execution of the deed, but before the deed was recorded, map one was filed in the Monroe town clerk's office. While not specifically labeled as an easement, an easement area is shown by broken lines on this map, crossing lot A from Cutlers Farm Road east to a shed owned by the defendants.[5] Both parties agree that this described an existing paved driveway to the shed servicing lot B.

On October 21, 1986, Testo conveyed his interest in lot A to Jefferson Scinto and David Shapiro (Testo deed). The deed was recorded October 22, 1986, and incorporated the exact legal description of the property contained in the prior deed including the words ''Revised July 11, 1986,'' but identifying the map on file as map no. 1887 (map one).

On May 8, 1987, Scinto and Shapiro deeded their interest in lot A to the plaintiffs, Gerardo and Angela Mastronardi (Scinto-Shapiro deed). That deed omitted the words ''Revised July 11, 1986'' but designated the relevant map as map one. Both the Testo deed and the Scinto-Shapiro deed indicated that lot A was conveyed subject to ''a driveway easement as shown on said map in favor of Parcel B; easements conditions and agreements contained in a deed from Josephine Infante to Anthony Testo dated September 2, 1986 . . . .''

Sometime after the plaintiffs obtained title to lot A, the defendants made certain improvements to lot B, building another garage to the east of their current garage. In conjunction with those improvements, the

---

[5] All of the maps depict a shed located on lot A with the description ''Existing shed (to be removed).'' The shed was removed by the plaintiffs sometime in the fall of 1990.

defendants paved an additional area. In 1990, the defendants planted hemlock trees along the lot A side of the driveway, extending beyond the area of the shed.

On June 12, 1990, map three was recorded in the Monroe town clerk's office. The purported easement shown on that map is greater than the driveway easement shown on map one and extends beyond the shed.

The sole issue to be determined is whether the trial court improperly accepted the referee's findings of fact, adopted her report and concluded that the easement at issue was as shown on map one.[6] The defendants

---

[6] In accepting the attorney state trial referee's report, the trial court accepted the following conclusions:

"1. Infante reserved rights including a driveway easement, a right to plant hemlocks along the driveway easement, and other rights in her deed to Testo.

"2. The deed and reserved easement rights are valid property interests running with the land.

"3. The easement area as agreed by plaintiff at trial, extends to the 'shed' as described in the broken line area from Cutlers Farm Road to shed as seen on Map 1887. Said easement area ends where shed on said map begins.

"4. Mr. Mastronardi had actual notice of easement area up to shed as he inspected Lot A before purchase and saw the paved area.

"5. The Mastronardis purchased Lot A subject to the easement set forth in paragraphs numbered 4, 5, and 6 on deed from Infante to Testo with the map designating the driveway easement area being the map entitled 'Resubdivision of Lot' prepared for Pinewood-Monroe, Inc., Cutlers Farm Road, Monroe, Conn., Scale: 1″ = 40′; March 1, 1986, being the relevant map that was recorded prior to deed from Infante to Testo being recorded.

"6. Said map was subsequently designated as Map 1887.

"7. The language of the deed does not designate that said driveway easement is for the exclusive use of Infante.

"8. Infante cannot use said driveway easement in a manner that interferes with plaintiffs' use of easement area.

"9. The placement of hemlocks along the Lot A side of the driveway easement area up to the shed interferes with the use of the easement area by plaintiff.

"10. The placement of hemlocks beyond the area where the shed starts is on the plaintiffs' property and beyond the easement area.

"11. The Infantes and their agents, servants and employees should desist and refrain from using, possessing, controlling, maintaining any portion of the easement area designated on Map 1887 in such a manner that it inter-

argue that no easement appears on map one, but even if it is assumed that one is shown, "the alleged peninsula shaped 'easement' in the rear serves no purpose. Certainly, it was not Mrs. Infante's intent to create an easement which would not serve her purpose." The defendants also argue that their right to claim the easement is not affected by the fact that the map showing the larger easement was not recorded until three and one-half years after the land had been transferred.

We agree with the defendants that a deed is not invalidated merely by the fact that it references an unofficial, unattached or unrecorded map, and that a description in a deed may not be invalidated because it refers to an unrecorded map. The issue, in this case, however, is not whether an easement existed, but the extent and location of the easement.[7] The defendants ask us to find that the trial court's conclusions were improper as a matter of law. They ask us to determine that an easement, specifically that shown on map three, not recorded until years after an original conveyance and two intervening conveyances, was within the chain

feres with the use by Mastronardi of said easement area. Use by Infante for ingress and egress are deemed acceptable use that does not interfere with use of easement area by Mastronardi. Parking in area by Infantes or guests or tenants is deemed to interfere with use by Mastronardi.

"12. The Mastronardis and their agents, servants and employees should desist and refrain from using, possessing, controlling and maintaining any portion of the easement area designated on Map 1887 in such a manner that it interferes with Infante's use said easement area for ingress and egress.

"13. To the extent that either party has materials or objects on easement area designated on Map 1887, other than paving material to cover driveway area and/or hemlocks along 'Lot B': side of easement area, same should be removed within a reasonable time from the date of this report.

"14. To the extent that Infante has applied any paving material on Lot A beyond easement area designated on Map 1887, same should be removed and property restored to condition as reasonably close to that prior to application of paving material as practicable within a reasonable time from the date of this report."

[7] The plaintiffs agreed at trial that a valid driveway easement exists up to the shed as designated on map one.

of title and binding on the plaintiffs, even where no physical evidence of the easement existed on the property. We cannot do that.

The description of the easement in the deed is not ambiguous on its face. It makes clear reference to a map entitled, "Mar. 1, 1986 Revised July 11, 1986 which map is on file in the office of the Town Clerk." Ambiguity arises, however, because the only map on file at the time the deed was recorded bears the date "Mar. 1, 1986," (map one) instead of "Mar. 1, 1986 Revised July 11, 1986" (map two). See, e.g., *F. & AK, Inc.* v. *Sleeper,* 161 Conn. 505, 510–11, 289 A.2d 905 (1971) (finding deeds contained latent ambiguity where, although certain on face, they were rendered uncertain when compared to land that they purported to describe). In this case, as the deed gives only a general description of the easement, a map is controlling as to the location and boundaries of the easement. The question is *which* map is to be used for the purpose of making that determination.

If the description in a deed is clear and unambiguous, it must be given effect. Id., 510. "Where there is an ambiguity in the description of a boundary line in a deed, the question of what the parties intended that line to be is one of fact for the trial court. . . . In construing a deed, a court must consider the language and terms of the instrument as a whole . . . the words are to be given their ordinary popular meaning, unless their context, or the circumstances, show that a special meaning was intended. . . ." (Citations omitted.) *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 511–12, 280 A.2d 877 (1971).

Our standard of review on a challenge to the trial court's factual findings requires the defendants to establish that the factual findings were clearly erroneous. Practice Book § 4061; *Cashman* v. *Calvo,* 196

Conn. 509, 516, 493 A.2d 891 (1985). A finding is "clearly erroneous," when, even though the finding is supported by some evidence, the reviewing court, on the basis of all the evidence, is left with the definite and firm conviction that a mistake has been committed by the fact finder. *Beizer* v. *Goepfert,* 28 Conn. App. 693, 704, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, U.S. , 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993). We cannot disturb the trial court's finding if it is legally supported by evidence of the surrounding circumstances and the situation of the property. *Young Men's Christian Assn.* v. *Zemel Bros., Inc.,* 171 Conn. 310, 312, 370 A.2d 937 (1976); *Christen* v. *Ruppe,* 131 Conn. 149, 152, 38 A.2d 439 (1944).

In the present case, the attorney state trial referee heard testimony of numerous witnesses including Gerardo Mastronardi, Michael Infante and Paul Restuccia, a title searcher, among others. The referee correctly sought to discover the intent of the parties to the initial conveyance by considering evidence of the situation of the properties and the circumstances surrounding the transaction and then looking at the terms of the original deed in light of those surrounding circumstances. *F. & AK, Inc.* v. *Sleeper,* supra, 161 Conn. 511.

The language of the deed in question describes an easement reserved for driveway purposes. Map one was the only map on record from September 19, 1986, prior to the recording of the original deed, until June 12, 1990, when the defendants filed map three, well after the transfer of the property to the plaintiffs. Map one contained markings that would lead a reasonable person to conclude that the markings designated the easement area. The fact finder found that map one showed the easement that was intended to be reserved by the grantor. The fact finder's conclusions are based on sufficient evidence and are not clearly erroneous.

One who has actual notice of the equitable rights of another, even if those rights are not recorded, is bound to recognize those rights. *Lazoff* v. *Padgett,* 2 Conn. App. 246, 249, 477 A.2d 155, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984), citing *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.,* 123 Conn. 232, 240, 193 A. 769 (1937). In law, full and adequate means of knowledge ordinarily are equivalent to knowledge. *Attardo* v. *Ambriscoe,* 147 Conn. 708, 711, 166 A.2d 458 (1960); *Myers* v. *Burke,* 120 Conn. 69, 75, 179 A. 88 (1935).

The plaintiffs had neither actual notice of the extent of the claimed easement, nor "full and adequate means of knowledge" of the size and scope of that easement as claimed to be shown by map three. The plaintiffs had actual notice of an easement only up to the shed and covering the paved driveway area as shown on map one. A reasonably prudent person who diligently searched the land records would have every right to rely on the map that was recorded. The words "as Revised July 11, 1986," in the original deed may have reasonably been overlooked as a mere clerical error. This leads logically to the conclusion that the recorded map, map one, and not the unrecorded map two, was the one incorporated by reference into the deed.

We cannot agree with the defendants that discrepancies in the chain of deeds "are insufficient as a matter of law to undercut the defendants' claim of an easement." The defendants rely on *American Trading Real Estate Properties, Inc.* v. *Trumbull,* 215 Conn. 68, 76, 574 A.2d 796 (1990). Our Supreme Court stated there that, "[b]ecause the older deeds and maps that make up our land records are often imprecise, we have held that such discrepancies [between deed and map] will not defeat a claim *when other credible evidence supports it.*" (Emphasis added.) Id. The defendants implicitly argue that map two and map three were such credible evidence and that it was clearly erroneous not to conclude that they showed the intended easement. For the

reasons previously discussed, we conclude that the trial referee's findings were not clearly erroneous.

The defendants also claim that the court improperly found that trees could not be planted anywhere in the easement, and that the easement was not an exclusive one. Because these issues turn primarily on issues of fact, and the defendants have not carried their burden of showing the trial court's findings to be clearly erroneous, these challenges must likewise fail. See *Oak Leaf Marina, Inc.* v. *Ertel,* 23 Conn. App. 91, 97, 579 A.2d 568, cert. denied, 216 Conn. 827, 582 A.2d 206 (1990).

The judgment is affirmed.

In this opinion the other judges concurred.

### Appendix A

*(See Appendix B on following page.)*

# Appendix B

MAP SHOWING EASEMENT
prepared for
MICHAEL INFANTE
CUTLERS FARM ROAD
Monroe, Conn.
Scale: 1"=40'
May 24, 1990

LOT "A"

PARCEL "B"

existing shed
(to be removed)

DRIVEWAY EASEMENT

existing
dwelling

CUTLERS FARM ROAD