[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 22, 1996, the plaintiff, First Congress Avenue Corporation, filed a four count amended complaint against the defendant, 495 Congress Avenue Associates Limited Partnership.
On March 14, 1996, the defendant filed a request that the plaintiff revise its amended complaint by expunging the second count of the amended complaint. In response, on April 11, 1996, the plaintiff filed an objection to the defendant's request to revise.
"The request to revise is a request for an order directing the opposing party to revise his pleading in the manner specified. . . . Although the request to revise may not CT Page 4255-PPPP ordinarily be used to substantively challenge a pleading, it may be used to delete otherwise improper allegations from a complaint." (Brackets omitted; citation omitted; internal quotation marks omitted.) Doe v. Marselle, 38 Conn. App. 360,363, 660 A.2d 871 (1995), cert granted, 235 Conn. 915,665 A.2d 606 (1995); see also Practice Book § 149.
The defendant requests that the plaintiff revise its amended complaint by expunging the second count, in which the plaintiff alleges an easement by necessity. The defendant argues that "Connecticut law does not recognize the existence of an easement by necessity as separate from the doctrine of `implied easements.'" Further, the defendant argues that because the plaintiff alleges the existence of an implied easement in the third and fourth counts of its amended complaint, the court should find the second count redundant. Accordingly, the defendant requests that the court remove the second count from the plaintiff's amended complaint.
In response, the plaintiff argues in its objection to the defendant's request to revise that the defendant improperly relies on Rischall v. Bauchman, 132 Conn. 637, 643, 46 A.2d 898
(1946), for the proposition that "Connecticut law does not recognize the existence of an easement by necessity as separate from the doctrine of `implied easements.'" The plaintiff argues that "[a]lthough the [Rischall] Court indicated that the necessity of an easement was a factor determining whether an easement by implication would arise, the [Rischall] Court did not consider whether an easement by necessity was different than an easement by implication." The plaintiff also argues that it has not discovered a Connecticut case which states that an easement by necessity constitutes an easement by implication. Further, the plaintiff cites two superior court cases which "have referred to `easements by necessity' as separate and distinct from `easements by implication'." See D'Addario v. Truskoski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 13 70 46 (July 27, 1995, Lewis, J.); Perkins v. Fasig, Superior Court, judicial district of Danbury, Docket No 31 09 81 (March 3, 1994, Moraghan, J.). Consequently, the plaintiff argues that the second count of its amended complaint, alleging an easement by necessity, sets forth a legally sufficient cause of action. Therefore, the plaintiff argues that the court should sustain its objection to the defendant's request to revise.
"In this state, the law regarding easements by implication CT Page 4255-QQQQ arising out of the severance of title of two adjoining or commonly owned properties is well settled." (Internal quotation marks omitted.) Schultz v. Barker, 15 Conn. App. 696, 700,546 A.2d 324 (1988). "There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and whether (2) the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Internal quotation marks omitted.) O'Brien v.Coburn, 39 Conn. App. 143, 148, 664 A.2d 312 (1995).
"Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a . . . reservation of the right to continue such use . . . . [I]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) Schultz v. Barker, supra, 15 Conn. App. 700-01; see O'Brien v. Coburn, supra, 39 Conn. App. 148, holding that "[a]n implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . In the absence of common ownership . . . an easement by implication may arise based on the actions of adjoining property owners."
"[T]he principle underlying the creation of an easement by implication is that it is so evidently necessary to the reasonable enjoyment of the granted premises, so continuous in its nature, so plain, visible and open, so manifest from the situation and relation of the two tracts that the law will give effect to the grant according to the presumed intent of the parties. . . . The basis of an easement by implication is the presumption of a grant arising from the circumstances of the case. . . . The presumption, however, is one of fact and whether or not the grant is to be implied in a given case depends upon the terms of the deed and the facts in that case." (Citations omitted; internal quotation marks omitted.) Pender v. Matranga, Superior Court, judicial district of Danbury, Docket No. 31 91 29 (August 9, 1995, Riefberg, J.). CT Page 4255-RRRR
"[I]mplied easements [however] are disfavored in Connecticut and are allowed to a very much more limited extent than in many other states." (Internal quotation marks omitted.) Kenny v.Dwyer, 16 Conn. App. 58, 65, 546 A.2d 937, cert denied, 209 Conn. 815,550 A.2d 1084 (1988).
Meanwhile, "[a]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee. . . . [T]o fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one. . . . The element of necessity is dependent on the nature of the property, the situation of the parties, and other surrounding circumstances and arises as a result of objective necessity rather than as a result of the deeds. . . . Thus, the terms `necessary' and `reasonable enjoyment' can have no fixed meaning." (Citations omitted; internal quotation marks omitted.) Perkins v. Fasig, supra, citing Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389,324 A.2d 247 (1973).
Based on Schultz v. Barker, supra, 15 Conn. App. 700, a party must plead the following elements to establish an easement by implication. First, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part of the estate. Second, at the time of severance, the servitude is in use. Third, the servitude is reasonably necessary for the fair enjoyment of the estate. Further, "[i]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) Id., 701.
In contrast, based on Perkins v. Fasig, supra, and HollywyleAssn., Inc. v. Hollister, supra, 164 Conn. 389, a party must plead the following elements to establish an easement by necessity. First, the grantor severs title to two adjoining or commonly owned properties and conveys a parcel to the grantee, retaining a parcel for herself. Second, as a result of the severance of property either the grantor or grantee possesses a parcel inaccessible, except over the lands of the other party. Further, "[t]o fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming CT Page 4255-SSSS the right of way. The necessity need only be a reasonable one."Perkins v. Fasig, supra.
Based on the above analysis, an easement by necessity constitutes a separate cause of action from an easement by implication. Accordingly, the court sustains the plaintiff's objection to the defendant's request to revise because the second count is not redundant.
Additionally, both the Connecticut Supreme Court and Superior Court have tangentially addressed the issue of whether an easement by implication constitutes a separate cause of action from an easement by necessity. In each of the below cases, the respective court treated an easement by necessity as a separate cause of action from an easement by implication.
In Swenson v. Dittner, 183 Conn. 289, 439 A.2d 334 (1981), the dispute arose from the defendants' claim of an interest in a two-rod right-of-way on the eastern boundary of the plaintiffs' property. The defendants appealed to the Supreme Court from the trial court's decision that the plaintiffs owned the two-rod lane, and that the defendants had no right to use it for access to their property. The Supreme Court held; that "[a]fter an examination of the record, we are unable to find any express easement granting to the defendants the right to use the two-rod lane. Any claim for a prescriptive easement in favor of them must likewise fail." Swenson v. Dittner, supra, 183 Conn. 294. Further, the court stated that "[n]either is there any evidence to establish an easement by necessity or by implication." Id., 295. Thus, in Swenson v. Dittner, supra, 183 Conn. 295, the court referred to an easement by necessity as a separate cause of action from an easement by implication.
More recently, in Perkins v. Fasig, supra, the plaintiff filed an amended four count complaint demanding, inter alia, a temporary and permanent injunction prohibiting the defendants from entering the plaintiff's premises. The court began its opinion "by speaking to the motion for summary judgment addressed to the second and third counts of the amended counterclaim and its theories of an implied easement and an easement of necessity." Perkins v. Fasig, supra. The court then concluded that the "foregoing scenario frames an obvious genuine issue of material fact as to whether or not the defendants are not only entitled to an easement by necessity, but to an easement by implication as well. Consequently, the defendants motion for CT Page 4255-TTTT summary judgment as to the second and third counts of the defendants' amended counterclaim must be and is denied." Id. Thus, in Perkins v. Fasig, supra, the court also treated an easement by necessity as a separate cause of action from an easement by implication.
In D'Addario v. Truskoski, supra, the plaintiff, as executor of the estate of the decedent, filed a three count revised complaint against the defendants. In the second count, the plaintiff alleged that an easement by necessity or implication existed. The D'Addario v. Truskoski court concluded that the plaintiff had sufficiently alleged facts showing the existence of an easement by implication, and that the defendants' arguments regarding the second count pertained to the insufficiency of the plaintiff's allegations to support an easement by necessity.D'Addario v. Truskoski, supra. The court also noted that in the second count the plaintiff alleged the existence of both an easement by necessity and by implication, and that "[w]here two causes of action are stated in a single count, both will survive a motion to strike even though one might not state a cause of action if it was separately pleaded." Id. Consequently, the court held that "[b]ecause the plaintiff has sufficiently alleged the existence of an implied easement in count two, it is not necessary to determine whether the allegations are sufficient to support an easement by necessity." Id. In D'Addario v. Truskoski, supra, the court treated an easement by necessity as a separate cause of action from an easement by implication.
Meanwhile, in A Practical Guide to Disputes Between AdjoiningLandowners-Easements (easement treatise), the easement treatise divided easements into three categories: express, implied and prescriptive. J. Backman D. Thomas, A Practical Guide toDisputes Between Adjoining Landowners-Easements (Bender, 1995). The easement treatise divided the implied easement category into three subcategories: implied easements based on a prior use, implied easements by necessity, and implied easements from a subdivision plat. Id., § 2, pp. 1-16.
The easement treatise provides that "[f]or an implied easement based on prior use, the claimant must establish at a minimum that: [t]he property was previously owned by one individual; [t]he owner made use of one portion of the property for the benefit of another; [t]he prior use was apparent; and [t]he continuation of the prior use is reasonably necessary to the convenient or practical use of one parcel following severance CT Page 4255-UUUU of the pre-existing unity of title." (Footnotes omitted.) Id., § 2.04[3], pp. 33-34.
In contrast, the easement treatise provides that the "required elements for an easement by necessity are: [o]riginal unity of title and [a] showing that use of one parcel of property is necessary to give a second parcel access to a public road or highway." (Footnotes omitted.) Id., § 2.04[3], p. 34. Further, "[w]hen the action is based on an easement implied by necessity, the complaint should set forth the pertinent facts establishing that the plaintiff is landlocked except for a way of access across defendant's property." Id.
In the present case, the parties refer to easements by implication and easements by necessity. In view of the above easement treatise, what Connecticut law refers to as an easement by implication, the easement treatise refers to as an implied easement based on a prior use. Further, what Connecticut law refers to as an easement by necessity, the easement treatise refers to as an implied easement by necessity. Although the easement treatise refers to easements based on a prior use and easements by necessity as subcategories of implied easements, the easement treatise provides that a party has to; establish different elements to plead an implied easement based on a prior use and to plead an implied easement by necessity. See id., § 2.04[3], pp. 33-34. Consequently, regardless of the terminology used — implied easements based on a prior use and implied easements by necessity, or easement by implication and easement by necessity — these two easements constitute separate causes of action.
The court sustains the plaintiff's objection to the defendant's request to revise because the second count is not redundant, as an easement by necessity constitutes a separate cause of action from an easement by implication.
Donald W. Celotto State Trial Referee