[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ACCEPTANCE OF REPORT BY ATTORNEYTRIAL REFEREE
The plaintiff instituted the present action asserting that she is the owner of property in Westport, Connecticut. known as 39 Imperial Avenue. The plaintiff alleges that she has an easement, by grant and by implication, over a private road known as Foxfire Lane, which is owned by the individual defendants and which services their five homes in the Foxfire subdivision. Plaintiff further claims that the Town of Westport blocked access from her property onto the right of way provided in the easement by means of asphalt, curbs, dirt and rocks. The attorney trial referee ("ATR") concluded that the plaintiff did not have an easement by implication but that she did have an easement by grant which was abandoned by her.
The ATR found that, in 1965, the plaintiff and her husband acquired 39 Imperial Avenue with a right of way over certain property lying to the south of the property conveyed. In 1978, plaintiff's husband quitclaimed his interest in 39 Imperial Avenue to the plaintiff. Both the deed by which plaintiff and her husband acquired the property as well as the quitclaim deed from her husband to herself contained a provision that the "premises are conveyed together with a right of way in common with such persons to whom a similar right has heretofore or may be hereafter granted for the sole purpose of passing or repassing on foot and with passenger vehicles over and upon a driveway 20 feet wide lying immediately to the south of and adjoining the Southwesterly and Southerly boundary lines of the premises herein described and leading from Imperial Avenue to the Easterly line of the premises herein described."
In 1988, plaintiff's husband owned 41 Imperial Avenue which he subdivided in 1993. In order to accommodate her husband with respect to that subdivision, the plaintiff swapped parcels with her husband and transferred Parcel B to the Old Library Limited Partnership ("OLLP") without reserving the right to her easement as contained in the prior deeds. The road servicing the Foxfire subdivision and allowing ingress and egress to Imperial Avenue in part passes over Parcel B. A review of exhibit 5 shows that the private road mainly follows the express easement but does not follow the easement where it traverses Parcel B. CT Page 2137
The ATR concluded that the plaintiff in conveying Parcel B without reserving the rights in the easement thereby abandoned her easement by grant. "Abandonment in its general sense is the intentional relinquishment of a known right. . . . The doctrine has its most common application in the case of easements or other incorporeal hereditaments. Thus, the owner of an easement may lose his right, especially if a third party has become interested in the servient state after such abandonment and it would operate unjustly upon him if the exercise of the easement were resumed in favor of the dominant estate." Glotzer v. Keyes, 125 Conn. 227,232 (1939) (citations omitted). Abandonment is a question of fact. Miller v. State, 121 Conn. 43, 49 (1936). "Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law. The proof must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement." Bayard v. Hoelscher, 112 Conn. 5, 16
(1930). An easement may be extinguished by an abandonment of the right by the owner of the dominant estate. Richardson v.Tumbridge, 111 Conn. 90, 93 (1930). "The proof of abandonment must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement. The grant by the owner of the dominant estate of a parole license to destroy or extinguish an easement in whole or part may effectuate that purpose when the license has been executed by the owner of the servient estate, for these facts are ordinarily inconsistent with any other intention than that of the abandonment of the easement." Stueck v. G.C. Murphy Co., 107 Conn. 656, 662 (1928).
The director for planning and zoning for the Town of Westport testified that Foxfire Lane was approved to serve five lots created by the subdivision, and that if six lots were involved, they would be required to conform to regulations requiring greater size and width.
In the present case, the plaintiff not only did not object to the subdivision and development of the servient estate but facilitated such development by transferring Parcel B so that Foxfire Lane could be constructed over and across her easement thereby blocking her access to the easement. An easement holder's failure to object to the erection of a permanent structure which prevents enjoyment of the easement may show intent to abandon.Chase v. Eastman, 563 A.2d 1009, 1102 (Me. 1989); see also,Rolleston v. Sea Island Properties, Inc., 254 Ga. 183, CT Page 2138327 S.E.2d 489, 492 cert. den., 474 U.S. 823, 106 S.CT 77, 88 L.Ed.2d 63
(1955).
An attorney trial referee has broad discretion to try facts and pass upon the credibility of witnesses. Argentinis v. Gould,23 Conn. App. 9, 16 (1990), mod., 219 Conn. 151 (1991). In the present case, the plaintiff not only did not object to the development of the subdivision but facilitated such development by transferring Parcel B, without reserving rights to the easement, so that Foxfire Lane could be constructed over and across her easement thereby blocking her access to the easement. There are, therefore, sufficient subordinate facts supporting the referees finding of abandonment.
Plaintiff also claims that the ATR failed to find the existence of an easement by implication under the rule of such cases as Schultz v. Barker, 15 Conn. App. 696, 702 (1988). The ATR found that the plaintiff failed to sustain her burden as to the proof on the claim of an easement by implication and also found that the plaintiff has another driveway entrance affording her access to Imperial Avenue other than the right of way over the claimed easement The fact that the plaintiff has another driveway providing access to Imperial Avenue does not necessitate a finding that the right of way over the claimed easement is "reasonably necessary" for the enjoyment of the plaintiff's property. Since the ATR found that the plaintiff had an easement by grant which was abandoned, the termination by the plaintiff failed to prove an easement by implication is of little significance in view of the factual finding of abandonment.
Accordingly the report of the ATR is accepted and judgment may enter accordingly.
Rush, J.