BARBARA FRIEDMAN *v.* TOWN OF
WESTPORT ET AL.
(AC 17032)

Lavery, Schaller and Sullivan, Js.

Argued March 2—officially released September 1, 1998

*Hale C. Sargent,* for the appellant (plaintiff).

*Patricia E. Curtin,* with whom, on the brief, was *Andrew F. Fink,* for the appellee (named defendant).

*Peter V. Gelderman,* for the appellees (defendant Daniel Yamron et al.).

*Opinion*

LAVERY, J. The issues in this appeal by the plaintiff are whether the trial court incorrectly found abandonment of an easement created by deed and whether the trial court was incorrect in failing to find an easement by implication. We affirm the judgment of the trial court.

The following facts are not in dispute. In 1965, the plaintiff, Barbara Friedman, and her husband, Drew Friedman, acquired property known as 39 Imperial Avenue, Westport, together with a right-of-way to use a driveway twenty feet wide on property that was originally 41-43 Imperial Avenue, which is now part of the Foxfire Subdivision (subdivision) serving property of the individual defendants.[1] The plaintiff's property at 39 Imperial Avenue has a driveway, other than the easement in dispute, that existed prior to the plaintiff's acquisition of the property. In 1978, the plaintiff's husband quitclaimed his interest in 39 Imperial Avenue to the plaintiff.

In 1988, the plaintiff's husband purchased 41 Imperial Avenue, which he subdivided into five lots in 1993. To

[1] The defendants in this action are the town of Westport, Daniel Yamron, Betsy Yamron, Angela A. Lapick, Mark L. Rosen, Sharon H. Rosen, Robert J. Corona, Dorothy Hamilton-Corona, Mark Heiman and Caren Greenstein.

accommodate her husband with respect to that subdivision, the plaintiff transferred a portion of her property, referred to as parcel B, to the partnership that was developing the subdivision. Her husband had conveyed 41 Imperial Avenue to the partnership after he obtained subdivision approval. Although the plaintiff had previously accessed the right-of-way by crossing parcel B, she did not reserve an easement across parcel B.

The road allowing ingress and egress from the subdivision to Imperial Avenue services the five lots in the subdivision, which are owned by the individual defendants. The subdivision map shows that the road mainly follows the express easement but does not follow the easement where the road crosses parcel B.

Under the subdivision regulations of the defendant town of Westport, if more than five lots were served, the subdivision road would require greater width. The subdivision application would not have been approved if the application showed the private road serving more than five lots. The subdivision application filed by the plaintiff's husband, using the designation "N/A," stated that there were no relevant easements or rights-of-way affecting the proposed five lot subdivision. For the plaintiff's husband to obtain subdivision approval, the plaintiff had to agree to transfer parcel B, which bordered the easement. The transfer was required to improve the sight line from the subdivision road to Imperial Avenue. The defendant town finished the private road, after default by the developer, by putting in curbs and gutters with no curb cut for the plaintiff's property. The plaintiff brought this action to establish her rights over the private road, Foxfire Lane, and to enjoin the defendant town from interfering with her rights to use Foxfire Lane as a right-of-way to and from her property. In the alternative, the plaintiff claimed an easement by implication on Foxfire Lane.

The attorney trial referee to whom the case was referred found that an easement by grant had existed but had been abandoned by the plaintiff and that the plaintiff did not obtain an easement by implication over parcel B. The trial court rendered judgment in accordance with the attorney trial referee's report from which this appeal followed.

I

The plaintiff's first claim is that the trial court improperly found abandonment of an easement created by deed. She argues that the lone piece of evidence in support of the conclusion of abandonment of the easement by grant—the quitclaim deed to parcel B to facilitate the approval of the subdivision—is overwhelmed by the great weight of evidence to the contrary.

"Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law. The proof must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement." *Richardson* v. *Tumbridge*, 111 Conn. 90, 93, 149 A. 241 (1930). "[Abandonment] implies a voluntary and intentional renunciation, but the intent may be inferred as a fact from the surrounding circumstances." *Pizzuto* v. *Newington*, 174 Conn. 282, 285, 386 A.2d 238 (1978). "Although, before legal abandonment can be found, there must be proof of an intent to abandon; *Glotzer* v. *Keyes*, 125 Conn. 227, 233, 5 A.2d 1 (1939); that requirement can be met without resort to proof of specific intent. 'Most frequently, where abandonment has been held established, there has been found present some affirmative act indicative of an intention to abandon . . . but nonuser, as of an easement, or other negative or passive conduct may be sufficient to signify the requisite intention and justify a conclusion of abandonment. The weight and effect

of such conduct depends not only upon its duration but also upon its character and the accompanying circumstances.' Id." *Carothers* v. *Capozziello*, 215 Conn. 82, 130, 574 A.2d 1268 (1990).

"When the factual basis of a trial court's decision is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Fattibene* v. *Kealey*, 12 Conn. App. 212, 215, 530 A.2d 206 (1987)." *Schultz* v. *Barker*, 15 Conn. App. 696, 700, 546 A.2d 324 (1988). "A finding is 'clearly erroneous' when, even though the finding is supported by some evidence, the reviewing court, on the basis of all the evidence, is left with the definite and firm conviction that a mistake has been committed by the fact finder." *Mastronardi* v. *Infante*, 34 Conn. App. 584, 591, 642 A.2d 84, cert. denied, 231 Conn. 907, 648 A.2d 154 (1994).

We agree with the trial court that Foxfire Lane was approved to serve the five lots created by the subdivision and that if six lots were involved, the plaintiff's husband would have been required to conform to regulations requiring greater width in the construction of Foxfire Lane. The plaintiff not only did not object to the subdivision and development of the servient estate but facilitated such development by transferring parcel B without reserving her rights to access the easement so that Foxfire Lane could be constructed over and across parcel B thereby blocking her access to the easement. A review of the record, transcripts and exhibits shows that a five lot subdivision would have been approved only if 39 Imperial Avenue did not have an easement to use Foxfire Lane and that the plaintiff cooperated and worked with her husband, who was also her property manager, in obtaining the subdivision approval. We find that there is sufficient evidence in the record to sustain the finding of abandonment.

## II

The plaintiff's second claim is that the trial court was incorrect in not finding that an easement by implication existed. The attorney trial referee found that since the plaintiff has another driveway on her property affording her access to Imperial Avenue, she failed to sustain her burden of proof on the claim of an easement by implication. The trial court agreed, citing *Schultz* v. *Barker*, supra, 15 Conn. App. 702. The trial court found that the fact that the plaintiff has another driveway providing access to Imperial Avenue other than the easement militates against a finding that the right-of-way is "reasonably necessary" for the enjoyment of the plaintiff's property and that the termination of the granted right-of-way by abandonment does not create an easement by implication.

As this court said in *Schultz* v. *Barker*, supra, 15 Conn. App. 700–701: "In this state, the law regarding easements by implication arising out of the severance of title of two adjoining or commonly owned properties is well settled. Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a . . . reservation of the right to continue such use. . . . [I]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate. *D'Amato* v. *Weiss*, 141 Conn. 713, 717, 109 A.2d 586 (1954), quoting *Rischall* v. *Bauchmann*, 132 Conn. 637, 642–43, 46 A.2d 898 (1946), and cases cited therein; see also 2 G. Thompson, Commentaries on the Modern Law of Real Property (1980 Replacement) § 351, p. 292. *Powers* v. *Grenier Construction, Inc.*, 10 Conn. App.

556, 559, 524 A.2d 667 (1987)." (Internal quotation marks omitted.)

In *D'Amato* v. *Weiss*, supra, 141 Conn. 717–18, our Supreme Court stated: "The reason that absolute necessity is not essential is because fundamentally such a grant by implication 'depends on the intention of the parties as shown by the instrument and the situation with reference to the instrument, and it is not strictly the necessity for a right of way that creates it.' . . . [T]hat in the last analysis the creation of such an easement depends on the intention of the parties as shown by the deed and the situation with reference to it. In all cases of this character, the conception underlying the creation of an easement by implication is that the parties are presumed to have intended the grant of an easement."

There is more than sufficient evidence in the record to sustain the trial court's factual finding that "the fact that the plaintiff has another driveway providing access to Imperial Avenue does not necessitate a finding that the-right-of way over the claimed easement is 'reasonably necessary' for the enjoyment of the plaintiff's property." The record contains evidence that the subdivision application could not have been approved if there were a right-of-way onto Foxfire Lane and that the plaintiff cooperated with her husband's subdivision application by exchanging parcel B without reserving her easement rights. The finding of abandonment of a granted easement is not consistent with the creation of an implied easement. In addition to the fact that there was another driveway with access to Imperial Avenue, there was evidence that the plaintiff could relocate the other driveway to a different location on her property. We conclude that the trial court was warranted in concluding that an easement by implication had not been created.

The judgment is affirmed.

In this opinion the other judges concurred.