[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issues in the case are whether or not the plaintiff:
(1) has a prescriptive easement over a certain gravel road, a portion of which overlaps his property and the remainder of which abuts his property;
(2) that he is the absolute owner and in possession of a portion of land located on the westerly side of his property and the easterly side of the defendant's property (hereinafter referred to as "disputed land"); and CT Page 12057
(3) in the alternative, whether the plaintiff has acquired the disputed land by adverse possession.
The defendants have made counterclaims that: (1) they are the absolute owners and are in possession of the disputed land; (2) in the alternative, they claim they have acquired the disputed land by adverse possession.
The first issue to be decided is which party owns title to the disputed land. In this case, the court finds that the plaintiff has established through the testimony of his experts and the deed that he has, in fact, title to the disputed land.
In any boundary dispute, the court must first look to the deed. If the deed is clear and unambiguous, then it must be given effect. Apostles ofthe Sacred Heart v. Currot, 187 Conn. 591, 595 (1982). Where there is an ambiguity in the description of a boundary line in a deed, the inquiry then becomes what the parties intended to be the boundary line. LakeGarda Improvement Assn. v. Basttistoni, 160 Conn. 503, 511 (1971). The plaintiff presented the deed to the property and an expert appraiser named John Faulise. Mr. Faulise testified as to the description in the deed of the boundaries as to the property and then he testified as to his measurements in accordance with an A-2 survey. He testified as to each of the boundary lines and as to the reason for his conclusions. He based his testimony also on fixed monuments which were definite and certain and proved to the court's satisfaction that in accordance with the deed and his investigation and survey, the plaintiff has proven that he is the title holder of the disputed area. The defendants also presented a surveyor named Thomas Brennan who did not appear to have the experience or expertise of Mr. Faulise. Furthermore, Mr. Brennan did not present an A-2 survey and admitted to the court that his survey failed to conform to the Connecticut regulations §§ 20-300b-1 through 20-300-20 in that the type of survey he performed was not stated in the title of the map and the map did not list the acreage or square feet of the property he was surveying, in that he did not identify adjoining properties by the most recently published owners' names, and in that, although he claimed his north was magnetic, he failed to note the date of the reading and in that he did not list on the survey map the documents he used in preparation of his survey. The court finds that as between the two experts, Mr. Faulise was by far the most credible and expert.
Inasmuch as the Court has found that the plaintiff is, in fact, the owner of the land by deed, it is not necessary for the court to make a determination as to whether or not he had adverse possession of the disputed area. Having been determined the title owner to the disputed CT Page 12058 area, it is not necessary to determine the plaintiffs claim of adverse possession or of prescriptive easement.
On the other hand, the defendant has claimed adverse possession to the land and the court must address that question.
To acquire title in land by adverse possession, a party must have possession of the property which is open, visible, notorious, adverse, exclusive, continuous and uninterrupted for a period of 15 years.Bridgeport Hydraulic Co. v. Sciortano, 138 Conn. 690, 695 (1952). The defendants claim that they have adverse possession to the disputed area, claiming that their testimony showed that they and their parents for a period of in excess of 15 years, maintained the area west of the retaining wall and hemlock as to the exclusion of the plaintiff. The testimony of Patricia Ann Goyette who testified for the plaintiff was that the Lisiewskis trimmed the hemlock hedge and once asked for permission to cut brush to the left. Therefore, the defendant requests the court find that the defendants have acquired title to any portion of the land which lies to the left of the stonewall and hemlock hedge and that they have maintained the right of the gravel road. The court finds that the testimony was in great dispute in this regard and that the plaintiff claims that the defendants did not use the disputed area. In effect, both sides testified that they used the area, cut grass, manicured bushes and maintained the premises. The court finds that the testimony of the plaintiffs witnesses was more credible than that of the defendants' witnesses and, therefore, finds that the defendant has failed to establish a claim of adverse possession.
The evidence was clear that although the defendants claimed adverse possession, they did not show that they had exclusive use of the land, but merely shared dominion over the property with the plaintiff. The defendants did not dispute that the Lisiewskis regularly walked on the disputed area to maintain their bushes and, as part of the disputed area, falls on the east side of the wall, the Seidels admitted they never maintained this area or considered it to be their own.
Because the Seidels failed to keep the Lisiewskis out of the disputed area uninterruptedly for 15 years, they have not proven that they have adversely possessed the area by clear and convincing evidence. For the same reasons, the court finds that the defendants have failed to prove that they have a prescriptive easement over the property of the plaintiff.
Accordingly, the court finds in favor of the plaintiffs in regard to the defendants' claim of adverse possession and finds that the defendants did not possess the land by adverse possession. Therefore, the court CT Page 12059 finds in favor of the plaintiffs that they have clear title to the disputed area and judgment must enter for the plaintiffs.
 D. Michael Hurley Judge Trial Referee